### JOHN BRADLEY'S ADM'RS v. CHARLES BRADLEY.

Where the defendant was interrogated whether he had not obtained possession of certain money belonging to plaintiff's intestate a few days before the death of the latter and converted it to his own use, and replied that the intestate gave him the money, a certain part thereof for his children, and the balance for himself, it was held that under the statute, the defendant was entitled thus to explain how and for what purpose he came into possession of the money, and that his answer was evidence in his own behalf.

This Court will not revise a refusal of the Court below to grant a new trial on the ground that the jury or a part thereof were not sworn, nor a refusal to hear affidavits upon the subject.

Refusal to reverse on the ground that the verdict was against the evidence.

Appeal from Lavaca. Action by the appellants against the appellee to recover $550, alleged to belong to their intestate, and to have come into the hands of the defendant about the time of the intestate's decease. In answer to interrogatories propounded by the plaintiffs, whether he had not obtained possession of the money, a few days before the death of the intestate, the defendant replied that he had, but that it had been given to him by the intestate, who was his brother, $400

for the use of his two children and the balance for himself. The plaintiffs proved by four or five witnesses that on several occasions since the decease of his brother the defendant had declared that he did not have the money and did not know what had become of it.   The intestate was married about two months before his decease, being then in bad health, and declaring his object to be to get some one to take care of him, and to whom he could leave his property.  He had about five hundred dollars worth of property besides the money here in controversy.   The defendant, in his answers to the interrogatories, stated that his brother had assigned as his reason for giving him the money that he had been badly treated by his wife and her relatives.   On the other hand, the plaintiffs proved that he had been well treated by his wife and her relatives, and had several times declared his determination to leave everything to his wife, and had twice sent for a person to write his will, but had failed to get one.   The jury found for the defendant, and the Court overruled a motion for a new trial.

*G. W. Smith* and *J. J. Holt*, for appellants.

*W. S. Glass*, for appellee.

WHEELER, J.   The grounds of error relied on in this case are not difficult of disposition.  It cannot reasonably admit of a question, that the part of the answer of the defendant to interrogatories which was excepted to was fully warranted by the statute.   (Hart. Dig. Art. 737.)   How the defendant obtained possession of the money in question and for what purpose, were matters naturally suggested by and connected with the answer called for by the interrogatory.  While his answer charged him with the possession of the money, it was necessary for his defence, and it was his undoubted privilege to explain how and for what purpose he came into possession

Bradley v. Bradley.

of it.  The Court therefore did not err in overruling the exception to the answer.

Neither did the Court err in refusing to hear the affidavits of witnesses offered to prove that one of the jurors who tried the case was not sworn.  The swearing of the jury was a matter within the personal observation and cognizance of the presiding Judge.  He is presumed to be quite as well informed, and as competent to decide, whether the jurors were sworn, as the bystanders.  And he surely cannot be required to hear witnesses testify to contradict the evidence of his own senses.

Nor was there error in the judgment of the Court refusing a new trial, asked on the ground that the verdict was contrary to evidence.  Whether the answer of the defendant to interrogatories was true or not, was the question which, under the issue, the jury were required to determine.  And it necessarily involved a question of the credibility of witnesses, which it was their exclusive province to decide.  Upon such a question it is well settled the Court will not disturb their verdict.  There is no error in the judgment, and it is affirmed.

Judgment affirmed.