ALLEN CROOM v. SAMUEL SUGG et al.

*Evidence — Handwriting — Forgery — Estoppel.*

1. A plaintiff who brings an action against the executors of a person whose estate is charged with a liability, is estopped to deny the execution of the will under which they were appointed and qualified; and the original will, taken from the records of the Court, is competent without further proof of its execution, as a basis of comparison in determining the genuineness of the handwriting of testator to the instrument in controversy.

2. Upon the trial of an issue as to the genuineness of a paper alleged to have been forged by plaintiff, evidence that plaintiff was skillful in imitating the handwriting of others, and that he himself proclaimed that fact, is competent.

CIVIL ACTION, tried before *Boykin, J.*, at February Term, 1892, of the Superior Court of GREENE County.

The action was brought to recover on what purported to be a bond executed by Fannie Sugg, defendant's testatrix, to the plaintiff.

After a number of other witnesses had testified for defendants that the signature to the bond sued on was not genuine, G. W. Sugg, having qualified as an expert, was asked to compare testatrix's signature to her will and codicil under which defendants were acting as executors, and which was a record of the Court, with that to the bond which purported to have been executed by her. The first assignment of error was the ruling of the Court admitting this testimony.

Defendants asked a witness "if he heard the plaintiff, Allen Croom, tell Thomas Sugg that he (plaintiff) could imitate anybody's handwriting and it would never be detected," the plaintiff having previously, on his cross-examination, been asked if he had not made such statement *to* said Thomas Sugg, and having answered that he had not. Plaintiff objected to the question and answer; objection overruled; exception by plaintiff. Witness then answered that he "heard plaintiff tell Thomas Sugg about fifteen years ago that he (plaintiff) could imitate anybody's handwriting and it could not be detected."

Plaintiff appealed.

*Mr. George Rountree*, for plaintiff.
*Mr. Swift Galloway*, for defendant.

AVERY, J.: The burden would have been upon the plaintiff to prove, if the fact had been denied, the allegations of his complaint that Fannie Sugg had made a will; that it had been duly proven, and that defendants had qualified as executors appointed by its terms. He could have shown that the defendants were her personal representatives, as alleged in this action, pending as it was in the Superior Court of Greene County, by the introduction of the original will on file as a record of the Court, or by a properly certified copy of it. *The Code*, §§ 2173 to 2176; *State* v. *Voight*, 90 N. C., 741; *Darden* v. *Steamboat Co.*, 107 N. C., 437; *Daven-*

*port* v. *McKee*, 98 N. C., 500.   The paper offered constitutes a part of the testimony which it would have been essential that the plaintiff should introduce to meet a general denial of his own declarations.   It would be equivalent, therefore, to allowing him to question his own right to sue the defendants and to raise a doubt as to his own status in Court, were he permitted to say that the signature to the will is not genuine.   For the purposes of this action we think that the plaintiff is estopped to deny the execution of the will which authorizes the defendants to represent the estate of testatrix, and that the witness was properly allowed to compare the signatures to the will and codicil with that to the bond sued on, as he is precluded from denying the truth of his own allegations in the pleadings.   *Tunstall* v. *Cobb*, 109 N. C., 316; 7 Am. & Eng. Enc., 2b., and note.

It would unquestionably have been competent to prove, in connection with the testimony tending to show the signature to the bond to be a forgery, that the plaintiff, who had set it up as genuine, was unusually clever in imitating the handwriting of others.   The testimony being competent, his own declarations against his own interest were, as in all other cases, as clearly admissible as any other evidence to establish the truth of the alleged fact.   *May* v. *Gentry*, 4 D. & B., 117; *Braswell* v. *Gay*, 75 N. C., 515.

The introduction of testimony for the purpose of showing that the signature to the bond was not genuine involved a suggestion of turpitude on the part of the payee and holder, and it was not irrelevant to go a step further and show that the plaintiff had the skill to qualify, as well as the motive to stimulate him to commit the forgery.

Affirmed.