## T. E. GRIFFIS v. ZEGE PAYNE, BY NEXT FRIEND.

### No. 712. Decided November 28, 1898.

**1.  Questions of Fact—Jurisdiction of Supreme Court.**

When the testimony upon a question of fact is uncertain and a finding in favor of either party is not without evidence to support it, the determination of the Court of Civil Appeals thereon is binding upon the Supreme Court. (P. 296.)

**2.  Deed—Taking Effect After Grantor's Death—Delivery in Escrow.**

A deed delivered by the grantor to a third party to be by him delivered to the grantee upon the grantor's death vests title in the grantee to commence after the grantor's death, where his intention was to part with all control over the deed. (P. 296.)

**3.  Evidence—Deposition—Responsive Answer.**

To an inquiry as to witness's interview and conversation with a person on November 28th, he answered that he did not see such person on the 28th but on the 29th, and stated what then took place; a motion to strike out this answer as irresponsive was properly overruled. (P. 296.)

**4.  Improper Evidence—When Material Error.**

Admission of testimony that letters, not produced in court, indicated ill will on the part of the writer towards G. (a material circumstance), was not rendered immaterial by the fact that other evidence to show such ill will was properly admitted. (P. 297.)

**5.  Same.**

To show that error in the admission of evidence was harmless, it must satisfactorily appear that such evidence had no effect upon the verdict prejudicial to the party complaining. (P. 297.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Lamar County.

Payne, by next friend, sued Griffis in trespass to try title and recovered judgment, from which the latter appealed and on affirmance obtained writ of error.

*Lightfoot, Denton & Long* and *Allen, Hathaway & Allen*, for plaintiff in error.—The verdict of the jury was clearly unjust and contrary to the evidence, and it was the duty of the appellate court to set it aside instead of yielding to it. Railway v. Schmidt, 61 Texas, 286; Railway v. Somers, 78 Texas, 439; Willis v. Lewis, 28 Texas, 186; Zapp v. Michaelis, 58 Texas, 270.

Where it is manifest from the undisputed evidence, introduced and relied on by plaintiff himself, that the deed was never delivered or intended to be delivered by the grantor in his lifetime, but was left with the notary with instructions to keep it until called for by the grantor, and if anything should happen to him or he should die before calling for it, to deliver it after his death to the grantee; such an instrument is testamentary in its character, is void as a deed, and no rights can be acquired under it as such. Veal v. Fortson, 57 Texas, 488; Carlton v. Cameron, 54 Texas, 77; Epperson v. Mills, 19 Texas, 65; Millican v. Millican, 24 Texas, 442; Wren v. Coffey, 26 S. W. Rep., 142; Ferguson v. Ferguson, 27 Texas, 342; Baker v. Haskell, 93 Am. Dec., 457; 47 N. H., 479; Weisinger v. Cock, 67 Miss., 511; Davis v. Cross, 52 Am. Rep., 179; Wellborn v. Weaver, 63 Am. Dec., 240; Brevard v. Neely, 2 Sneed, 164; Cook v. Brown, 34 N. H., 460; Johson v. Farley, 45 N. H., 505; Bailey v. Bailey, 7 Jones (N. C.), 44.

The Court of Civil Appeals erred in its construction of article 632 of the Revised Statutes, in holding that said section of the statute has application to the facts of this case, when said statute was adopted by the Act of February 5, 1840, and was only designed to do away with the necessity of the common law fiction of livery of seizin, and has no connection directly or indirectly with the issue involved in this case.

The court erred in overruling appellant's motion to strike out that portion of the deposition of Dr. Black in answer to the fourth interrogatory. Rev. Stats., art. 2291; Clardy v. Callicoate, 24 Texas, 172; Railway v. Ivy, 71 Texas, 417; Lindsay v. Jaffray, 55 Texas, 639; Lee v. Stowe, 57 Texas, 444; Pence v. Waugh, 34 N. E. Rep., 860; Underhill on Ev., sec. 336.

The rule is well established that where an instrument of writing has been lost, proper predicate may be made by showing such loss and the diligence used in trying to find it, and then testimony is admissible to show the contents; but such testimony is confined to the proof of such contents, and the witness can not be allowed to give his own opinion of what the substance would indicate, this being the conclusion to be found by the jury. Hill v. Townsend, 24 Texas, 575; 1 Greenl. on Ev., secs. 88, 441, 558; 2 Best on Ev., secs. 511, 512. As to the effect of such illegal evidence: Ross v. Kornrumpf, 64 Texas, 395; Dewees v. Bluntzer, 70 Texas, 408.

*Hale & Hale* and *E. W. Fagan,* for defendant in error.—It was not error to admit the answer of Dr. Black, but if it was, then the evidence given in response to the interrogatory was merely cumulative of a large amount of other testimony on the same point and to the same effect, which was ample to sustain the verdict, and the court will not reverse on that account, for if it was error (which we deny) it is not reversible error. Lindsay v. Jaffray, 55 Texas, 639; Hintze v. Krabbenschmidt, 44 S. W. Rep., 40.

Some of the original letters from Burris to the witness Tarrant were attached to his deposition as exhibits. The others he said were lost and could not be found, the substance of which so far as they relate to the state of feeling existing between appellant and Burris (the matter inquired of) is given in the deposition, and not the conclusions of the witness. Besides, the evidence was not of a material character, and introduced only in rebuttal of defendant's evidence to show the improbability of Burris' intention to leave all the valuable part of his estate to Griffis, who was no kin to him, and there was no error in admitting his evidence.

BROWN, ASSOCIATE JUSTICE.—J. A. W. Burris was a single man living in Lamar County upon a farm, who, some years before his death, made a will by which he devised the land in controversy to T. E. Griffis. The will was duly probated after the death of Burris, and Griffis claimed the land under that will.

A short time before his death, Burris made a deed by the terms of which he conveyed the land to Zege Payne, his nephew, and delivered the deed to one Wagoner to be held by him until the death of Burris, after which it was to be delivered to the grantee. Defendant in error, who was plaintiff below, claimed the land under that deed. The only contested issues in the case were, (1) the genuineness of the deed, it being claimed by Griffis that it was a forgery, and (2) the effect of the deed, the claim being made that it was never delivered to Zege Payne nor to any one for him, but was delivered by Burris to Wagoner to be held subject to Burris' order and right of repossession until his death. Upon these issues the Court of Civil Appeals found the facts as follows:

"1. The deed from Burris to Payne was not a forgery but was genuine.

"2. The deed was delivered to Wagoner by Burris with the direction that it should be delivered to Zege Payne or to his father for him upon the death of Burris; and it was the intention of Burris to surrender all power and control over it."

The District Court entered judgment for Zege Payne against Griffis for the land, which judgment was affirmed by the Court of Civil Appeals. The plaintiff in error assigned in this court the following objections to the judgment of the District Court and the Court of Civil Appeals:

"1. That the undisputed evidence shows that Burris, the grantor, never lost control in his lifetime of the deed in question, and that the

Court of Civil Appeals erred in finding that he had intended to surrender his control of it.

"2. The Court of Civil Appeals erred in refusing to sustain the assignment which called in question the correctness of the trial court's charge.

"3. That the trial court erred in overruling appellant's motion to strike out a portion in Dr. Black's answer to the fourth interrogatory.

"4. The court erred in admitting the testimony of G. T. Tarrant as to the contents of letters written to him by Burris, which were lost."

Upon the issue, did Burris relinquish all control over the deed to Zege Payne when he placed it in the possession of Wagoner, the testimony of the latter was so indefinite and uncertain that if the jury had decided the question in favor of either party, this court could not have said that the verdict was without evidence to support it. In such state of case, the finding of the Court of Civil Appeals upon that question of fact is binding upon this court.

The trial judge with much clearness correctly submitted to the jury the rules of law by which they would determine the issue of fact. In substance the court charged the jury that if they believed from the evidence Burris parted with all control over the deed when he delivered it to Wagoner, then the conveyance took effect at that time and vested in the grantee a fee simple title to commence after the death of the grantor, which would entitle the plaintiff to recover. The charge correctly stated the reverse of this proposition in favor of defendant. There was no error in the charge of the court.

In our opinion, article 632 of the Revised Statutes does not relate to this character of transactions, but the statement of the contrary view of that article by the Court of Civil Appeals did not affect the decision of this case and need not be reviewed by this court.

Plaintiff in error complains that the trial court refused to strike out the answer of Dr. Black to the fourth interrogatory, which is as follows: "State whether you saw said Burris on the 28th day of November, 1896, and if yea, where did you see him, where was he going, and where had he been, and where did he say he had been, if he said anything about it?" To this the witness answered: "I did not see said Burris on the 28th day of November, 1896, but did see him on the 29th day of November, 1896, at my office at Milton. At that time he said he was going home; that he had been to Frank Wagoner's to attend to business." The motion was to strike out all of the answer after "the 28th day of November, 1896," because it was not responsive to the question. The deed purported to have been made on November 28, 1896, at the house where Frank Wagoner lived. The material part of the question was that which sought to elicit from the witness what the deceased said, where he had been, and where he was going at the time, and not the particular day on which he saw him. Whether this testimony supported the contention that the deed was executed by Burris was a matter of argument to be addressed to the jury, but the discrepancy between the date inquired of

and the date stated in the answer did not render the evidence inadmissible.   There was no error in overruling this motion.

It is not denied by counsel for Payne that it was error to admit the statement of G. T. Tarrant that the contents of letters written to him by Burris, some of which were not produced in court, "indicated that Burris was unfriendly to the whole family of T. E. Griffis except Mrs. Tarrant and Joe Griffis," but counsel insist earnestly that the fact of ill will on the part of Burris towards Griffis was so thoroughly established by the letters introduced and other evidence in the case that the error of admitting this testimony was harmless and should not cause a reversal of the judgment.   To sustain this position, it must satisfactorily appear that the evidence improperly submitted to the jury had no effect upon the verdict prejudicial to the rights of Griffis; otherwise, the judgment of the District Court must be reversed.   Railway v. Greathouse, 82 Texas, 108; Eborn v. Zimpleman, 47 Texas, 522; Dewees v. Bluntzer, 70 Texas, 408.   In our opinion, the fact of ill will on the part of Burris towards T. E. Griffis was not undisputed, nor was it established so conclusively that without the testimony objected to the jury must have found the same verdict.   The expression of ill will deliberately made in writing from time to time, covering several months, would evince greater intensity of feeling than would the sudden ebullition of passion which might occur in casual conversation, and without discussing the weight of the evidence upon this issue, we will say that in our opinion the verdict of the jury upon this point may have been influenced by the testimony admitted over the objection of the defendant.

For the error committed by the trial court in admitting the testimony of G. T. Tarrant over the objection of the defendant, the judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*