F. M. WATSON v. D. S. DODSON, ADMINISTRATOR.

> Decided July 3, 1909.

**Evidence—Transaction with Deceased—Statute Construed.**

In a suit by an administrator against an agent of the deceased for money of the deceased had and received by the agent, the administrator called the defendant to the witness stand and asked him whether or not a certain statement of moneys received and disbursed by him was in his handwriting, to which the defendant answered that it was. Held, that the defendant was "called to testify" as to a transaction with the deceased, within the purview of article 2302, Rev. Stats., and should therefore have been allowed to testify further that there was a mistake in the statement.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*Gross & Allen* and *McCall & McCall,* for appellant.

*Albert Stevenson* and *F. O. McKinsey,* for appellee.—The mere proof that the instrument in question is in appellant's handwriting was not proof of any part of the transactions between him and Pallie Watson, and did not authorize appellant to testify to other matters between them not enquired about by appellee. Martin v. McAdams, 87 Texas, 225; Buckler v. Kneezell, 91 S. W., 367; Walker v. Pittman, 18 Texas Civ. App., 519.

SPEER, ASSOCIATE JUSTICE.—This case has been once before appealed to this court under the style of Watson v. Parker, and will be found reported in 50 Texas Civ. App., 616. The issues were substantially the same as those made on the former appeal, and on the last trial there was a verdict and judgment in favor of the plaintiff Dodson for a sum which, together with interest, amounted to sixty-three hundred and twenty-five dollars and twenty cents.

By a proper bill of exceptions it is shown that appellee called appellant to the witness-stand and asked him whether or not the receipt dated October, 1890, a copy of which is set out in the opinion on the former appeal, was in his handwriting, and the appellant answered that it was. Thereupon his counsel offered to prove that he made a mistake in writing the same, and that he should have credited himself in addition to the credits therein shown with the sum of twenty-six hundred dollars, the amount paid by him for the Ketchum land for Pallie Watson; that he failed to insert said amount in said receipt because he supposed the deed made to Pallie Watson showed that he paid said amount for her. This testimony was excluded upon the objection of appellee that it was a transaction between the defendant and the deceased Pallie Watson, and that the same was immaterial to any issue and not admissible in evidence. In this ruling we think the court erred.

Article 2302, Sayles' Texas Civil Statutes, is as follows: "In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." That the written instrument sued on in this case, and about which appellant was interrogated, constituted a transaction with the deceased Pallie Watson, within the meaning of the foregoing article, we have no doubt. Appellant, then, would not have been allowed to testify regarding this instrument unless called by the opposite party; but having been called by appellee to testify to a part of this transaction, undoubtedly he should have been permitted to testify to the whole of it upon cross-examination by his counsel. It is flagrantly unjust to permit appellee to go into the transaction, and by proving that the instrument was in appellant's own handwriting, thereby to

strengthen his contention that no mistake had been made, and yet to deny appellant the privilege of testifying that he had made a mistake. The issue of mutual mistake in the instrument was in the case and constituted appellant's chief defense. As tending to disprove this defense appellee introduced the evidence under consideration, and in doing so entered into a field the gate to which was closed to appellant by statute unless opened by the opposite party. But having been thus opened, appellant should be allowed to explore it fully under well-defined rules of evidence.

We find no other error in the record, but for the one discussed the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*