## BARNES v. BARNES. (No. 2877.)

(Court of Civil Appeals of Texas. Texarkana. April 10, 1924. Rehearing Denied April 24, 1924.)

1. **Evidence** ⊜123(7)—**Declaration concerning execution of note held not admissible as res gestæ.**

Where issue was execution by deceased of note sued on, excluded offered testimony of plaintiff's witness that few minutes after alleged execution plaintiff came to witness' store across street and declared deceased had executed note *held* not admissible as res gestæ.

2. **Evidence** ⊜121(1)—**Declaration within res gestæ rule not admissible if declarant incompetent to testify to subject-matter.**

A declaration within the res gestæ rule is nevertheless inadmissible as evidence if it relates to a matter of fact which the declarant could not testify to as a witness.

3. **Witnesses** ⊜158—**In action on alleged note of decedent declarations of plaintiff concerning execution of note held properly excluded.**

Where, in action against administrator, issue was execution by deceased of note sued on, declaration by plaintiff to witness few minutes after its alleged execution, that deceased had executed note, *held* properly excluded, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690.

4. **Witnesses** ⊜159(8)—**In action against administrator, exclusion of testimony of plaintiff as to decedent's handwriting held proper.**

In action against administrator, on issue of execution by deceased of note sued on, exclusion of offered testimony of plaintiff that latter was acquainted with deceased's handwriting and that signature to note was his *held* proper, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690.

5. **Evidence** ⊜197—**In action on note, will of alleged maker held properly admitted for purpose of comparing signature.**

Plaintiff suing administratrix on note of decedent and proving that she was the duly qualified and acting administratrix with will annexed *held* estopped to deny signature to will was genuine so that will was properly admitted in evidence to compare signature thereto with signature to note.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Suit by J. A. Barnes against Mrs. Ida Barnes, administratrix of the estate of T. W. Barnes, deceased. Judgment for defendant, and plaintiff appeals. Affirmed.

T. W. Barnes and appellant J. A. Barnes were brothers. The former died testate January 25, 1921. This suit, commenced February 17, 1922, was by appellant against appellee as the administratrix with the will annexed of the estate of said T. W. Barnes. It was to recover the amount of a promissory note as follows:

"$1,000.      Dallas, Texas, January 4, 1919.

"On or before January 1, 1922, for value received I promise to pay J. A. Barnes or his order at Paris, Texas, $1,000. One thousand dollars with 8 per cent. interest from date until paid. I also agree to pay 10 per cent. attorney fees in case this note is filed for collection. This being balance of his parents' estate. This note is secured by first mortgage on one five room house and lot 34 by 50 located on Oak Lane in rear of 702 First Ave., Dallas, Texas.

"[Signed]    T. W. Barnes.

"Witness:   J. R. Proctor."

In a sworn plea filed by appellee she alleged that T. W. Barnes did not execute the note, and the jury found on a special issue submitted to them that he did not. The appeal is from a judgment that appellant take nothing by his suit.

Connor & Baldwin, of Paris, for appellant.

J. S. Patrick, of Paris, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] Both appellant and his witness Blankenship were in the grocery business in Paris. The former's store was across Bonham street from the latter's. Blankenship testified he was in appellant's store for a few minutes "about January 4, 1919" (the date of the note sued upon), and while there saw appellant and T. W. Barnes talking to each other and looking at some papers on a counter between them. A third person, not identified by the witness, was also in the store, leaning against the counter. Blankenship further testified that, about three-quarters of an hour after he saw appellant and T. W. Barnes as stated, the former came to his (Blankenship's) store and told him that he (appellant) had made the biggest deal of any man on Bonham street, and showed him a note with two names signed to it, attached to a mortgage. The witness did not read and did not know the names on the note, he said. After Blankenship had testified as stated, appellant asked him this question:

"Did J. A. Barnes make any statement to you at the time he showed you this note?"

Appellee objected to the question on the ground (it appears from the bill of exceptions):

"That it called [quoting] for hearsay evidence, a self-serving declaration, and it testifies through a statement of J. A. Barnes as to a transaction with the decedent."

The court sustained the objection. It appears from the bill that the witness would have answered, had he been permitted to do so, that appellant stated to him at that time:

"That his brother [T. W. Barnes] had just given him his note for a thousand dollars for

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his [appellant's] interest in the. estate of his parents and secured the same by a mortgage."

The action of the court in refusing to permit the witness to answer the question is attacked as error entitling appellant to a reversal of the judgment.

It is plain that the excluded testimony was hearsay and self-serving. Appellant does not contend it was not, but he urges it should have been admitted nevertheless, because, he says, it was within the res gestæ rule which (as stated by the Supreme Court in Railway Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902) rendered admissible—

"all declarations or exclamations uttered by the parties to a transaction, and which are contemporaneous with and accompanying it, and are calculated to throw light upon the motives and intention of the parties to it * * * and also such as are made under such circumstances as will raise a reasonable presumption that they are the spontaneous utterance of thoughts created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design."

[2, 3] As we view it the excluded testimony met none of the conditions of the rule. But, if we thought the declaration was res gestæ within the rule, we nevertheless would be of the opinion that it was not error to exclude it, because of the inhibition in article 3690, Vernon's Sayles' Ann. Civ. St. 1914. That article, so far as material, is as follows:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party."

It would have been a plain violation of the statute to have permitted appellant as a witness to testify that T. W. Barnes executed the note, and we think it would have been as plain a violation of it to have permitted Blankenship to testify that appellant declared to him that T. W. Barnes executed it. It is the law that a declaration within the res gestæ rule is nevertheless inadmissible as evidence if it relates to a matter of fact which the declarant could not testify to as a witness. 22 C. J. 450; Sullivan v. Electric Co., 51 Wash. 71, 97 Pac. 1109, 130 Am. St. Rep. 1082.

[4] For a like reason—that is, that it would have been a violation of the statute just referred to—we think the trial court did not err when he refused to permit appellant to testify that he was acquainted with T. W. Barnes' handwriting and that the signature to the note was his (T. W. Barnes') genuine signature.

[5] Appellant complains because the court over his objection admitted the will of T. W. Barnes, deceased, as evidence. He insists that the only issue in the case was one as to whether T. W. Barnes executed the note sued on or not; that the will was without relevancy or probative force as evidence on that issue; that it therefore could serve no purpose as evidence in the case except that of comparison of the signature of T. W. Barnes to it with that of the signature to the note; and that, for reasons stated, it was inadmissible for that purpose.

Conceding that the will could serve only the purpose stated as evidence the question is: Was it admissible for that purpose? The rule seems to be (1 Green. Ev. § 581; Eborn v. Zimpelman, 47 Tex. 503, 26 Am. Rep. 315; Turst Co. v. Roy (Tex. Civ. App.) 174 S. W. 647; Jester v. Steiner, 86 Tex. 415, 25 S. W. 411) that papers are admissible for such a purpose—

"only when no collateral issue can be raised concerning them; which [says Prof. Greenleaf] is only when the papers are conceded to be genuine, or are such as the other party is estopped to deny; or are papers belonging to the witness who was himself previously acquainted with the party's handwriting, and who exhibits them in confirmation and explanation of his testimony."

The will did not belong to a witness in the case, and appellant was not in the attitude at the trial of conceding that the signature to the instrument was genuine. Therefore, whether, under the rule, the instrument was admissible for the purpose of comparison or not, depended on whether it appeared that appellant was estopped to deny that the signature to the will was genuine.

Appellee insists, and we agree, that it so appeared, in that appellant's suit was against appellee in her representative capacity, and he alleged in his petition, and at the trial proved by the letters of administration issued to her, that she was "the duly appointed and the duly qualified and acting administratrix with the will annexed of the estate of T. W. Barnes, deceased." 10 Cyc. 698 et seq.; Croom v. Sugg, 110 N. C. 259, 14 S. E. 748. In the case cited Croom sought a recovery against Sugg's executors on a bond purporting to have been executed by Suggs, and, having been denied such relief in the trial court, complained in the appellate court because the executors were permitted to use the will for the purpose of comparing the signature thereto with the signature to the bond, attacked as a forgery. In overruling the complaint the appellate court said:

"The burden would have been upon the plaintiff to prove, if the fact had been denied, the allegations of his complaint that Fannie Sugg had made a will, that it had been duly proven, and that defendants had qualified as executors appointed by its terms. He could have shown that the defendants were her personal representatives, as alleged in this action, pending, as it was, in the superior court of Greene

county, by the introduction of the original will on file as a record of the court, or by a properly certified copy of it. * * * The paper offered constitutes a part of the testimony which it would have been essential that the plaintiff should introduce to meet a general denial of his own declarations. It would be equivalent, therefore, to allowing him to question his own right to sue the defendants, and to raise a doubt as to his own status in court, were he permitted to say that the signature to the will is not genuine. For the purposes of this action, we think that the plaintiff is estopped to deny the execution of the will, which authorizes the defendants to represent the estate of testatrix, and that the witness was properly allowed to compare the signatures to the will and codicil with that to the bond sued on, as he is precluded from denying the truth of his own allegations in the pleadings."

There are other contentions in appellant's brief, but they are in effect disposed of by the rulings made.

The judgment is affirmed.