## O'CONNOR v. SPEARS. (No. 3627.)

Court of Civil Appeals of Texas   Texarkana.
Jan. 14, 1929.

Rehearing Denied Jan. 24, 1929.

Sturgeon, Birmingham & Sturgeon, of Paris, for appellant.

Beauchamp & Lawrence, of Paris, for appellee.

HODGES, J. The appellee, D. C. Spears, sued J. Q. O'Connor, administrator of the estate of W. W. Baker, deceased, to establish a claim against the estate for the sum of $1,-798.24. Previous to the suit the claim had been properly presented to the administrator for allowance, and by him refused. The claim was founded upon a written statement of an account, itemizing in detail what appears to be a board bill due from W. W. Baker to the appellee, D. C. Spears. It concludes with the words: "Balance due D. C. Spears October 21, 1926, $1768.24," and is signed "W. W. Baker." In addition to the written account above referred to, appellee claimed the sum of $30 due for the care of the decedent from October 21, 1926, to the date of his death. As a defense in the court below, the appellant relied on a plea of non factum and a general denial. The case was tried before the court without a jury, and a judgment rendered establishing the claim for the full amount.

The evidence shows that W. W. Baker, the decedent, was the father-in-law of the appellee, Spears; that for some time prior to his death Baker had boarded with Spears; that on the date the statement above referred to was signed they had a settlement, and this instrument was intended to be a final statement of the amount then due Spears.

Among the errors assigned in this appeal is the action of the court in admitting the following testimony from D. C. Spears: "I live at Petty in Lamar County, Texas. My wife's name was Nettie Belle Baker before she married. She is a daughter of W. W. Baker, deceased. We were married in 1901. W. W. Baker died at my place on November 12, 1926. He had been ill about thirty days. The contract shown me came from me. I made out that contract, and it is in my handwriting. I know the signature of the party to that instrument, and was present when it was signed and saw it signed. Mr. W. W. Baker signed it on October 21, 1926. He signed it in my office in my shop, and it was then put in my desk and staid there until after he was dead. This was the same year of Mr. Baker's death, and he died on November 12."

The bill of exceptions shows that the testimony was objected to upon the ground that the witness was allowed to testify to a transaction between him and the decedent, contrary to the provisions of article 3716 of the Revised Civil Statutes. In a qualification to that and other bills presenting substantially the same objections, the court states, in substance, that the testimony was admitted without objection, and that a great portion of the testimony from Spears, relative to the execution of the instrument sued on, and the consideration upon which it was based, was brought out by the appellant's attorney on cross-examination.

Appellant also assigns as error the admission of the following testimony from Mrs. Spears, the wife of the appellee: "I am the wife of D. C. Spears, and a daughter of W. W. Baker. I know his hand-writing. The name signed to the instrument which you hand me is the signature of W. W. Baker."

The objection to that testimony is based upon the fact that the witness was in effect a party to the suit, and that the testimony elicited was prohibited by article 3716. The

assignment will be overruled. The witness was not testifying to a transaction with the decedent. She was merely giving her opinion of the genuineness of the signature. Martin et al. v. McAdams et al., 87 Tex. 225, 27 S. W. 255.

There was no error in admitting the written statement of the account signed by Baker after his signature had been properly proven. There were other witnesses besides the appellee and his wife who testified to the genuineness of that signature.

The judgment will be affirmed.

### On Motion for Rehearing.

■ Counsel for appellant insist in their motion that the testimony of the plaintiff, Spears, was admitted over their objection interposed at the proper time, and that the court was in error in so qualifying the bill of exception as to make it appear that no objection was made. The record before us does not support that statement. The statement of facts shows that, after the plaintiff Spears had testified at considerable length on direct and cross-examination, in which he stated some facts to which he might have testified, counsel for appellant made a general objection to all of the testimony which had been offered. The statement of facts further shows that, when taken on cross-examination, the witness was interrogated in detail about the execution of the written instrument upon which this suit was based, and that he testified fully as to the transaction between himself and the decedent, Baker. We think the record sustains the qualification appended by the court to the bills of exception.

■ We are, however, inclined to the opinion that the testimony of Mrs. Spears was not admissible. We have concluded, upon further examination, that the case of Martin v. McAdams, referred to as authority for admitting that testimony, is not in point. In that case the witness was being interrogated regarding the signature of a decedent to a will. The court held that the testimony as to the genuineness of the signature was admissible on the ground that making a will is not a transaction between the decedent and the beneficiary of the will. In this case the instrument was a contract entered into between the decedent and the husband of the witness. Its execution was a transaction between the decedent and the husband. Barnes v. Barnes (Tex. Civ. App.) 261 S. W. 485.

■ However, this case was tried before the court without a jury, and there was ample testimony by other witnesses, who were apparently disinterested, which supports the judgment of the trial court. That being true, the case should not be reversed because of an error in admitting some testimony which was not admissible.

The motion for a rehearing is overruled.