### RAMIREZ v. VELA.

No. 9924.

Court of Civil Appeals of Texas. San Antonio.

Feb. 17, 1937.

Rehearing Denied March 10, 1937.

Pope & Pope, of Laredo, for appellant.

N. A. Rector and Edward A. Mullally, both of Laredo, W. W. Winslow, of San Diego, and D. M. Valdez, of Laredo, for appellee.

SMITH, Chief Justice.

On August 4, 1932, Silvestre Ramirez executed, acknowledged, and delivered an instrument in the form of an ordinary bill of sale, conveying to Juan Gonzalez Vela 150 head of cattle therein specifically described and recited to be all that the grantor owned. The instrument was as follows, omitting formal parts:

"That I, Silvestre Ramirez of the County of Zapata and State aforesaid, for and in consideration of the sum of ten ($10.00) Dollars to me in hand paid by Juan Gonzalez Vela, and his services, his loyalty, and his unfailing filial devotion to me at all times and of further services hereafter to be performed the receipt of which is hereby acknowledged, have bargained, sold and delivered, and by these presents do Bargain, Sell and Deliver, unto the said Juan Gonzalez Vela of the County of Zapata and State of Texas all of the following described personal property in Zapata County, Texas, to-wit: * * *

"This conveyance will take effect at my death, and includes all the cattle of every kind and description owned by me at my death.

"And I do hereby bind myself, my heirs and assigns to forever Warrant and Defend the title to the aforesaid property unto the said Juan Gonzalez Vela his heirs and assigns against the lawful claims or claims of any and all persons whomsoever."

Ramirez delivered the instrument to Vela, the grantee, at the time it was executed, and Vela kept it in his possession until he had it recorded, on June 19, 1934, during Ramirez's last illness, from which he died a few days later.

It appears that upon the execution of the bill of sale, Vela took possession of the cattle thus conveyed to him, and thenceforward retained possession of them, apparently with the acquiescence of the grantor.

Subsequent to Silvestre Ramirez's death, Leon J. Ramirez, administrator of his estate, brought this action against Vela to recover said cattle. Upon a trial the court, in response to a directed verdict, rendered judgment denying recovery to the administrator, who has appealed.

Appellant moved, in the court below, that two of appellee's counsel be barred from participating in the trial in behalf of appellee, upon the ground that they were disqualified "because," as stated in appellant's first proposition, "all of the facts adduced upon the hearing of said motion showed that said attorneys had been so intermixed with the plaintiff as regards his cause of action that their presence in the case resulted in prejudice to him, as the defendants were enabled by their presence to avail themselves of confidential communications divulged by the plaintiff to said attorneys during his employment of said attorneys in this cause, and constituted a violation of the privilege existing between attorney and client, and said attorney should not have been permitted to appear on behalf of the defendants in the trial hereof."

The issue raised by the motion was heard and determined by the trial judge, upon the evidence of several witnesses. It is unnecessary to set out that evidence here. The issue turned out to be purely one of fact, and the trial judge resolved it against appellant, in the exercise of a discretion peculiarly his. We cannot say from the record that the court abused that discretion. Appellant's first proposition is accordingly overruled.

It is next contended by appellant that appellee obtained no title to the cattle in controversy, for the reason that the conveyance thereof from Ramirez to him was ineffectual to pass title; that, although purporting to be a bill of sale, the instrument was in effect testamentary in character, and not having been executed with the formalities requisite to a testamentary disposition, it could not be given testamentary effect.

■ ·An executed written instrument in the form of a bill of sale, which recites a past consideration, and delivery to the grantee of the thing conveyed, coupled with actual delivery to the grantee of the instrument and of the property conveyed, constitutes a bill of sale, and a provision in the instrument that it "will take effect at" the death of the grantor, does not make it a testamentary instrument, requiring that it be executed with the formalities requisite to a will. Article 1296, R.S.1925; Griffis v. Payne, 92 Tex. 293, 47 S.W. 973; McLain v. Garrison, 39 Tex.Civ.App. 431, 88 S.W. 484, 89 S.W. 284; Smith v. Smith (Tex.Civ.App.) 200 S.W. 540.

■ The bill of sale in this case is in the usual form of such instruments, except for the clause providing that it "will take effect at my death." It recited that the grantor had "bargained, sold and *delivered,* and by these presents do bargain, sell and *deliver*" (italics ours) to the grantee, all the cattle therein described. It bound the grantor, his heirs and assigns "to forever Warrant and Defend the title to the aforesaid property." It recited a valuable consideration theretofore paid the grantor by the grantee. The record shows that the instrument was actually delivered in hand by the grantor to the grantee immediately following its execution; that it was accepted by the grantee; and that in pursuance thereof the latter took possession of the property conveyed by the instrument, and retained that possession throughout the remainder of the grantor's life, up to and including the time of his death two years after the execution and delivery of the bill of sale, and still retains that possession. Upon these facts we hold that the bill of sale in question here was a conveyance absolute of the title to the property involved. Appellant's second proposition will be overruled.

■ In his third proposition appellant contends that appellee was improperly permitted, over appellant's objection, to testify concerning transactions he had had with the decedent, in contravention of the provisions of article 3716, R.S. 1925. It appears from the record that appellant, himself, called appellee as a witness, and, on direct examination elicited from him the facts that at that time he had possession of "approximately one hundred and fifty head of cattle that were conveyed by Silvestre Ramirez during his lifetime"; that said cattle were those "involved in this lawsuit"; that he had "the bill of sale by which he claims possession of those cattle." Thereupon counsel for appellant asked appellee, the witness, to produce said bill of sale and hand it to counsel, which appellee did. Appellant then had the witness testify as to the date of the bill of sale, and of its registration, with reference to the time of the grantor's death. The bill of sale was then put in evidence by appellee, without objection from appellant. On cross-examination in his own behalf, appellee, the witness, testified, over the objection from appellant that "it is a transaction with a deceased person," that he received the bill of sale on August 4, 1932; that it was delivered to him by ·Silvestre Ramirez, the grantor; that he took it home and put it in his trunk, and delayed having it recorded because of the "way he delivered it to me, and I did not know whether it had to be recorded, I did not know whether it was or was not recorded." We conclude that this testimony was so related to the facts elicited from the witness by appellant, who first called him as a witness, as to bring it within the exception in article 3716, which permits the persons therein named to testify against their adversaries as to any transactions, etc., with the testator, intestate, etc., when "called to testify thereto by the opposite party." We overrule appellant's third proposition, in which this question is presented.

The judgment is affirmed.