A. L. BURRIS, Individually and d/b/a Burris Construction Company, Appellant,

v.

Frances Lavalle LEVY, Independent Executrix of the Estate of Leon C. Levy, Deceased, Appellee.

No. 13130.

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1957.

Rehearing Denied May 15, 1957.

172 ■

J. Barney Daniel, Victoria, Willis F. Jetton, Port Lavaca, for appellant.

Kelly, Hunt & Cullen, Victoria, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from a judgment of the District Court of Calhoun County, Texas, in the sum of $5,072, plus attorney's fees, in favor of Frances Lavalle Levy, independent executrix of the estate of Leon C. Levy, Deceased, against A. L. Burris, doing business as Burris Construction Company, being the amount of principal, interest and attorney's fees due upon a promissory note for the principal sum of $9,000, payable to Leon C. Levy and signed A. L. Burris Construction Company by A. L. Burris.

The trial began to a jury, but at the close of the evidence the court granted plaintiff's motion to take the case from the jury and render judgment in her favor. The trial court found that there was a balance of $4,800 due on the note, together with interest and attorney's fees, and rendered judgment accordingly. A. L. Burris, individually and doing business as Burris Construction Company, has prosecuted this appeal.

At the trial appellant undertook to testify, in effect, that there was a want of consideration for the note, and that not only was appellee not entitled to recover on the note against him, but that he was entitled to a judgment in the sum of $4,200, the amount he had paid upon the note. Appellee objected to this testimony upon the ground that it related to a transaction with a deceased person and was therefore inadmissible under the provisions of Art. 3716, Vernon's Ann.Civ.Stats., commonly called the "Dead Man's Statute."

Appellant contends that appellee had waived the provisions of this statute by calling upon him for admissions under the provisions of Rule 169, Texas Rules of Civil Procedure, which admissions concerned the same transactions with Leon C. Levy, deceased.

The request for admissions was as follows:

"That defendant, A. L. Burris, signed that certain promissory note dated the 12th day of October, 1953, in the amount of Nine Thousand ($9,000.00) Dollars, payable to the order of Leon C. Levy, in Port Lavaca, Texas, in installments of Twenty-two Hundred and Fifty ($2250.00) Dollars each, beginning the 1st day of May, 1954, subsequent semi-annual installments of Twenty-two Hundred and Fifty ($2250.00) Dollars each on the 1st day of November, 1954, 1st day of May, 1955, and the 1st day of November, 1955. * * *

"That defendant, A. L. Burris, signed the foregoing described note, to-wit, 'Burris Construction Company by A. L. Burris' and also 'A. L. Burris, Individually.'

"That due demand has been made upon the defendant by the plaintiff herein to pay the balance of said note and that the defendant has failed and refused to pay same.

"That there is now an outstanding balance of Forty-Eight Hundred ($4800.00) Dollars due and owing on said original note in the amount of Nine Thousand ($9,000.00) Dollars, plus accrued interest."

Appellant's replies to this request for admissions are as follows:

"That it is true as stated in Section II of such request that defendant, A. L. Burris, signed that certain promissory note dated the 12th day of October, 1953, in the amount of Nine Thousand ($9,000.00) Dollars, payable to the order of Leon C. Levy, in Port Lavaca, Texas, in installments of Twenty-two hundred and fifty ($2250.00) Dollars each, beginning the 1st day of May, 1954, subsequent semi-annual installments of Twenty-two Hundred and Fifty ($2250.00) Dollars each on the 1st day of November, 1954, 1st day of May, 1955, and the 1st day of November, 1955.

"That it is true as stated in Section III of such request that the foregoing described note is the same and in fact fully set out in plaintiff's Exhibit 'A' attached to plaintiff's petition on file in the above entitled and numbered cause.

"That it is true as stated in Section IV of such request that defendant, A. L. Burris, signed the foregoing described note, to-wit, 'Burris Construction Company by A. L. Burris' and also 'A. L. Burris, Individually.'

"That it is true as stated in the first paragraph of Section V of such request that due demand has been made upon the defendant by the plaintiff herein to pay the balance of said note and that the defendant has failed and refused to pay same; but defendant says that there was a complete want and lack of consideration for said note, and this admission is not to be construed as admitting that he owes any balance on said note, but on the contrary defendant denies that he owes any balance on said note.

"That it is not true, as stated in the second paragraph of Section V of said request, that there is now an outstanding balance of Four Thousand Two Hundred Dollars due and owing on said original note in the amount of Nine Thousand Dollars ($9,000.00), plus accrued interest, but, because of the aforesaid want and lack of consideration for said note defendant has never owed said note and does not now owe any balance on said note. That prior to his discovery of the aforesaid want and lack of consideration for said note, defendant paid the sum of Four Thousand Two Hundred Dollars ($4,200.00) on said note and one J. B. Atchison paid the sum of One Hundred Fifty Dollars ($150.00) for defendant on said note."

Appellee introduced into evidence this request for admissions, together with appellant's answers.

This matter presents two questions: (1) Did these requests relate to transactions with the deceased? (2) If so, did the request for admissions amount to a calling of appellant by appellee to testify to a transaction with the deceased, Leon C. Levy?

We shall discuss these questions in reverse order. It has definitely been decided by the Supreme Court of this State that a party may waive the provisions of Art.

3716, supra, by the taking of a deposition of the adverse party concerning transactions with or statement by a deceased, and this regardless of whether such deposition has been introduced in evidence or not. Allen v. Pollard, 109 Tex. 536, 212 S.W. 468, but so far as we are able to ascertain the Courts of this State have never passed upon the question as to whether the same thing is true where a request for admissions is made upon the adverse party concerning such statements and transactions.

We find the following in McDonald, Texas Civil Practice, Vol. 3, p. 859, § 10.08:

"Does a request for admissions under Rule 169 waive the provision of Art. 3716, which 'excludes adversary testimony of a transaction with or a statement by deceased unless the witness is "called to testify thereto by the opposite party"?' This question was submitted to the Interpretations Subcommittee which answered tentatively as follows:

" 'The subcommittee is of the opinion that if the taking of a deposition developing a matter within the bar of the statute serves to waive the bar, the obtaining of such matter by means of Rule 169 has that effect also.' " 5 Tex.B.J. 237(1942), 8 Tex.B.J. 19 (1945).

We agree with the interpretation of the subcommittee and conclude that if a party calls upon his adversary to make admissions under Rule 169, which admissions relate to statements by or transactions with the deceased, otherwise barred by the provisions of Art. 3716, he has called such adverse party to testify concerning such transactions or statements and cannot thereafter object to further testimony by such party under the bar set forth in the "Dead Man's Statute."

This brings us to a consideration of the first question, as to whether the

admissions requested by appellee of appellant related to transactions with Leon C. Levy, deceased. We conclude that they did. In Bradley's Adm'rs v. Bradley, 13 Tex. 263, it was held that an interrogator who asked the adverse party if he had not obtained a large sum of money from the deceased shortly before his death, permitted such party to explain for what purpose the money was received. In Ramirez v. Vela, Tex.Civ.App., 102 S.W.2d 447, 449, the Court said:

"It appears from the record that appellant, himself, called appellee as a witness, and, on direct examination elicited from him the facts that at that time he had possession of 'approximately one hundred and fifty head of cattle that were conveyed by Silvestre Ramirez during his lifetime'; that said cattle were those 'involved in this lawsuit'; that he had 'the bill of sale by which he claims possession of those cattle.' Thereupon counsel for appellant asked appellee, the witness, to produce said bill of sale and hand it to counsel, which appellee did. Appellant then had the witness testify as to the date of the bill of sale, and of its registration, with reference to the time of the grantor's death. The bill of sale was then put in evidence by appellee, without objection from appellant. On cross-examination in his own behalf, appellee, the witness, testified, over the objection from appellant that 'it is a transaction with a deceased person,' that he received the bill of sale on August 4, 1932; that it was delivered to him by Silvestre Ramirez, the grantor; that he took it home and put it in his trunk, and delayed having it recorded because of the 'way he delivered it to me, and I did not know whether it had to be recorded, I did not know whether it was or was not recorded.' We conclude that this testimony was so related to the facts elicited from the witness by appellant, who first called him as a

witness, as to bring it within the exception in article 3716, * * *."

In Watson v. Dodson, 57 Tex.Civ.App. 32, 121 S.W. 209, the Court said:

"It is flagrantly unjust to permit appellee to go into the transaction, and, by proving that the instrument was in appellant's own handwriting, thereby to strengthen his contention that no mistake had been made, and yet to deny appellant the privilege of testifying that he had made a mistake."

In Barnes v. Barnes, Tex.Civ.App., 261 S.W. 485, a suit against an administrator upon a note alleged to have been signed by the deceased, it was held that under the provisions of Art. 3716 the plaintiff could not testify, over the objection of defendant, that he was acquainted with the signature of the deceased and that the signature on the note was the genuine signature of deceased, as such proffered testimony related to a transaction with the deceased. If that ruling be correct, then, certainly, when appellant is called upon to state whether or not the signature on the note here sued on was his genuine signature, such testimony related to a transaction with the deceased. See, also, Barlow v. Barlow, Tex.Civ.App., 139 S.W.2d 139; Hopkins v. Robertson, Tex.Civ.App., 138 S.W.2d 310; Reyes v. Escalera, Tex.Civ. App., 131 S.W. 627; Neitch v. Hillmann, 29 Tex.Civ.App. 544, 69 S.W. 494; Hazlewood v. Pennybacker, Tex.Civ.App., 50 S.W. 199.

The trial court reversibly erred in excluding the proffered testimony of appellant, as appellant in effect had been called by appellee when requested to make admissions as to the execution of the note and the balance due on it. He was thus brought within the exception stated in Art. 3716.

The testimony offered by appellant as to the existence or non-existence of an option in favor of Leon C. Levy would be proper evidence, if as and when evidence is introduced tending to show that the consideration for which the note was given, was the purchase price of such option.

The judgment is reversed and the cause remanded.