Carmen **ORTEGA, Individually and as Administratrix of the Estate of Fidencio Ortega, Deceased, Appellant,**

v.

Carmen **MARQUEZ, Appellee.**

No. 5367.

Court of Civil Appeals of Texas.

El Paso.

March 9, 1960.

Rehearing Denied March 30, 1960.

Potash, Cameron, Potash & Bernat, El Paso, for appellant.

Frank Owen, III, El Paso, for appellee.

FRASER, Justice.

Plaintiff-appellee brought suit, claiming that defendant had taken a sum of money into her possession which rightfully belonged to plaintiff. The controversy concerns a sum of money found in a safety

deposit box which had been rented and used by one Fidencio Ortega during his lifetime. The money consisted of about $1,000. in American currency, and 900 pesos in Mexican currency. After the death of Mr. Ortega, plaintiff sued defendant individually and as administratrix of the estate of Fidencio Ortega, claiming that she had given this sum of money to the deceased to keep for her some months before his death. There was evidence that plaintiff gave this money to Mr. Ortega to put in a safe place in the bank, and that he put the money in a paper sack, secured with a rubber band, and called a taxi with the avowed intention of going to the bank. There was admitted in evidence a safety deposit box key, which plaintiff states was given her by the deceased at the time she gave him her money to keep for her. Both parties, plaintiff and defendant, had been the wife of Mr. Ortega on various occasions; that is to say, he had married and divorced each of the parties more than once. Plaintiff further maintained that the money was her savings that she had accumulated over a period of years, beginning about 1941, and testified that she gave the money to Mr. Ortega because she did not think he was very sick at the time, and believed in him as being an honest man who would keep her money safely for her. There was a witness, not related to any of the parties, who testified, on behalf of the plaintiff, that she was present at the entire transaction when plaintiff, Mrs. Marquez, gave her money to the deceased, and that she, the witness, heard the entire conversation.

The defendant had herself appointed as administratrix of the deceased's estate, and claimed to have paid all of his funeral bills. She offered some evidence from people who knew Mr. Ortega that they had never heard him say that he was keeping anybody else's money or taking care of anybody else's money. Defendant sought to introduce a letter, or memorandum, which reads as follows:

> "August 22, 1956
>
> "To Whom It May Concern:
>
> "This is to testify that my daughter, Carmelita Corinne Ortega has my permission to open my safety deposit box at the State National Bank. Everything I possess there is hers.
>
> "/s/ Fidencio Ortega."

This was objected to by the plaintiff on the ground that it was violative of Article 3716, Vernon's Ann.Tex.Civ.St., known as the "Dead Man's Statute"; that it was hearsay as to the plaintiff, and that it was a self-serving declaration. The court did not permit the instrument to be introduced in evidence. The matter was submitted to a jury, which answered the issues favorably to the plaintiff; whereupon, the court gave judgment for the plaintiff.

Defendant has set up a good many assignments of error and propositions, which we will try to dispose of by classification.

First, we do not think there is merit in appellant's points of error which complain of the court's action in sustaining objection to the introduction of the written instrument or memorandum. We believe that the instrument offered was self-serving in nature, and, as it was not a regularly authenticated or verified written instrument, we feel that it was violative of Article 3716, supra, in that it was being offered to bolster a claim made by the administratrix who, by law, stands in the shoes of the deceased and occupies no greater legal position. It is therefore both self-serving as to the defendant and, we think, violative of the so-called "Dead Man's Statute", Article 3716. But, in any event, should we be wrong in these conclusions, we do not believe the document could have been helpful or decisive with regard to any issue in this lawsuit. The deceased merely says that everything in the box that *he* possesses belongs to his daughter. The date of this memorandum is some several months

after the transaction wherein plaintiff gave deceased her money to keep for her. Deceased could not give away that which was not his; and, in addition, the evidence indicates that both he and plaintiff had keys to this box, which would indicate equal possessory rights. We do not believe, therefore, that the court committed any error in excluding this memorandum, especially in view of the further consideration that it was offered to show title to, or ownership of, this sum of money, rather than to explain the nature of the actual possession. Chenoworth v. Flannery, Tex.Civ.App., 202 S.W.2d 480; Segal v. Saunders, Tex.Civ.App., 220 S.W.2d 339; Hearon v. Jackson, Tex. Civ.App., 109 S.W.2d 230; Burris v. Levy, Tex.Civ.App., 302 S.W.2d 171.

Therefore, appellant's points relating to the exclusion of the proffered document are accordingly overruled.

 We must overrule appellant's points claiming that there was not evidence, or that there was not sufficient evidence, to sustain the jury's findings. As stated above, one Mrs. Ledis testified that she saw and heard the entire transaction. A daughter of the plaintiff, and plaintiff herself, testified, also, to this effect. Part of this testimony was unobjected to by defendant, and part of it was brought out by defendant, herself, on cross-examination. So there is no question but what there was sufficient evidence to support the jury's findings. Our function here is merely to ascertain that fact, and we are not authorized to substitute our reaction to the evidence or our idea of, perhaps, what the verdict should have been. It is pointed out by defendant that it is passing strange that plaintiff would keep this money on her person or around her home for sixteen or seventeen years, and then turn it over to her ex-husband, even though she had a number of living children, including three sons. But we cannot substitute our judgment for that of the jury, and the record does disclose adequate evidence to support the jury's findings.

Summing up, we believe that this answers the various points of error raised by defendant. However, we should like, further, to point out—with reference to the excluded document—that it comes under the classification of that type of written instrument that requires testimony to establish its execution. Stewart v. Shoemake, Tex.Civ.App., 225 S.W.2d 873.

Therefore, because we feel that the court did not err in excluding the document, and that it would have served no useful purpose with reference to any issue in this lawsuit, had it been admitted; and, finding no reversible error in the record, we overrule appellant's points and declare the decision of the trial court affirmed.