F. M. ALLEN v. JAMES T. POLLARD, EXECUTOR.

No. 2779.   Decided May 21, 1919.

1.—Pleading—Variance.

An allegation that a trustee agreed to put money out at interest for the one entrusting it to him was established by proof of an agreement to put it "in the bank" on interest. The variance was immaterial. (P. 538.)

2.—Trust—Limitation.

A nephew delivered money to his uncle who undertook to deposit it in a bank where it would draw interest for the nephew. Held that thereby the uncle became, not a mere debtor, but a trustee of the fund, and that limitation did not run against the nephew's claim so long as the relation of trustee was not repudiated. (P. 538.)

3.—Evidence—Transaction With Decedent—Calling Adversary to Testify.

An executor, in an action against him, took the ex parte deposition of the plaintiff in regard to the transaction with decedent on which his claim was based (Rev. Stats., art. 3680). Held that plaintiff was thereby "called to testify by the opposite party" within the meaning of the statute forbidding him, except in such case, to testify as to such matters (Rev. Stats., art. 3690). And that, though the deposition was not introduced in evidence, he could be placed on the stand to testify to such transaction with decedent. (Pp. 538, 539.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Sherman County.

Allen sued Pollard, Executor of the Estate of W. C. Thomas, and recovered judgment. The executor appealed and judgment was reversed and rendered in his favor (171 S. W., 530). Allen thereupon obtained writ of error.

*Tatum & Tatum,* and *Boyce & Davidson,* for plaintiff in error.

Where a party turns over money to another party, with the agreement that the party receiving the money will take it and loan it for him, with interest, and will return it to the first party when requested to do so, or demanded, there is a continuing trust, and the statute of limitations does not begin to run in favor of the party who received the money until the one who so received the same refuses to turn the

money back when requested or demanded that he do so, or until the party receiving the money repudiates the trust, and such repudiation is known to the person who turned over or delivered the money to the second party. Baker v. Joseph, 16 Cal., 173; Schroeder v. Jahns, 27 Cal., 274; Millet v. Bradbury, 41 Pac., 865, 109 Cal., 170; Parks v. Satterthwaite, 32 N. E., 82; Gapen v. Gapen, 23 S. E., 579; Bacon v. Rives, 106 U. S., 99; Cyc., vol. 25, p. 1161; Wingate v. Wingate, 11 Texas, 433; Moore v. Waco Building Assn., 45 S. W., 974; Perry on Trusts, 6th ed., sec. 863; Watson v. Dodson, 143 S. W., 334; Yeamans v. Galveston City Co., 167 S. W., 723; Hunter v. Hubbard, 26 Texas, 548; Lewis v. Castleman, 27 Texas, 422; Kennedy v. Baker, 59 Texas, 150; 25 Cyc., 1150, 1072; Cook v. Williams, 2 N. J. Eq., 209; Frank v. Morley's Est., 64 N. W., 577; Caldwell's Admr. v. Hampton, 53 S. W., 14; Butler v. Hyland, 26 Pac., 1108; McGoe's Exr. v. Congleton, 102 S. W., 1187; Riddle v. Whitehill, U. S., 34 L. Ed., 283.

Where a party propounds interrogatories to his adversary, he thereby qualifies him as a witness in the case, and he ought to be held to take the consequences thereof. Hadley v. Upshaw, 27 Texas, 547-8; Kruger v. Spachek, 54 S. W., 295-6; Gilkey v. Peeler, 22 Texas, 663; Watson v. Dodson, 121 S. W., 209; Tomlinson v. Ellison, 16 S. W. (Mo.), 203; Ess v. Griffith, 40 S. W. (Mo.), 930; Grieb v. Stahl, 107 S. W., 41.

*J. H. Stahl, Turney & Burges,* and *Goldstein & Miller,* for defendant in error.

More than two and more than four years elapsed after cause of action accrued to plaintiff to have and demand said money before the institution of this suit, and same was thereby barred by the two and by the four years' statutes of limitation, pleaded by defendant. Eborn v. Zimpelman, 47 Texas, 503; Pitschki v. Anderson, 49 Texas, 1; Swift v. Trotti, 52 Texas, 503; Henry v. Roe, 83 Texas, 449, 18 S. W., 807; Kampmann v. Williams, 8 S. W., 310; Mitchell v. McLemore, 9 Texas, 151.

It is only an express technical, continuing trust against which the statutes of limitation will not run, and the plaintiff not having pleaded such a trust, and the evidence not proving such a trust, the statutes of limitation ran in this case, and more than two years and more than four years having elapsed after cause of action accrued to plaintiff, and before the institution of this suit, during which time limitation was not suspended, the same was barred by both the two and by the four years' statutes of limitation. Eborn v. Zimpelman, 47 Texas, 503; Kennedy v. Baker, 59 Texas, 150; Hightower v. Hestor, 15 S. W., 415; Wingate v. Wingate, 11 Texas, 433; Parker v. Cater, 8 Texas, 325; Tinnen v. Mebane, 10 Texas, 252; Phillips v. Holman, 26 S. W., 277.

The ex parte deposition of the appellee, Allen, which was taken at the instance of the appellant, not having been introduced in evidence

by either the appellee or appellant, did not remove the incompetency of Allen to testify to the transaction and conversations between him and Thomas, forming the basis of this suit. Grieb v. Stahl, 107 S. W., 41, 101 Texas, 306; Western Union Tel. Co. v. Lovely, 69 S. W., 128; Ivey v. Bondies, 44 S. W., 916; McCutchen v. Jackson, 40 S. W., 177; G., H. & S. A. Ry. Co. v. Young, 148 S. W., 1115; Nichols v. Jones, 36 Texas, 448; Jackson v. Munford, 74 Texas, 104; H. & T. C. Ry. Co. v. Ritter, 16 Texas Civ. App., 485; Joy v. Liverpool, etc., Ins. Co., 74 S. W., 822; Long v. Fields, 71 S. W., 774.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The action was one by Allen in the District Court to establish a claim against the estate of W. C. Thomas.

In his petition Allen charged that in 1907 he was in possession of a sum of money, which was known to Thomas, his uncle. Thomas proposed that Allen turn over the money to him, assuring Allen that in such event he would put it out at interest for Allen's benefit and that Allen could obtain it whenever he needed or desired it; that he would place it so that it would be at all times safe and yield Allen an interest return. Upon this understanding, it was alleged, Allen delivered the money to Thomas. The agreement, as pleaded, was established by Allen's testimony. There was no variance between the pleading and the proof, as is contended by the defendant in error, except that, according to Allen's testimony, Thomas' proposal was that he would put the money "in the bank" on interest for him, which is an immaterial distinction. Thomas died in 1912. Prior to Thomas' death, Allen had not requested the return of the money and Thomas had not returned it. Thomas at no time repudiated the agreement under which Allen entrusted the money to him. The suit was seasonably brought after Thomas' death.

It was held by the Court of Civil Appeals that the claim was barred by limitation. We granted the writ of error upon the view that the transaction amounted to an express trust in Allen's favor, as to which, under the facts, there was no limitation. It is plain, we think, that Thomas did not borrow the money and that the relation of debtor and creditor, therefore, was not created by the transaction. Thomas' proposal contemplated that his possession of the money should be in recognition of Allen's right to it, and that he would so use it for Allen's benefit as to certainly afford Allen the interest. His holding of the money was clearly that of an acknowledged trustee.

The case was withdrawn from the Commission for the determination of another question, for which purpose we set it down for argument.

The ex parte deposition of Allen was taken by the executor, but not offered in evidence. The interrogatories propounded called for Allen's testimony touching the transaction with the decedent Thomas. Holding that thereby Allen had, within the meaning of the statute, been "called to testify," by the adverse party in regard to the transaction,

and his incompetency as a witness in that particular thus removed, the trial court permitted him as a witness in his own behalf to recite what transpired between Thomas and himself in reaching the trust agreement. The Commission of Appeals was of the opinion that the ruling should be sustained. After a full review of the question we have reached the same conclusion.

The Supreme Court's jurisdiction of the case is governed by the Act of 1913. Allen's right of recovery depends upon this testimony. Having this vital relation to the case, the question of the admissibility of the testimony is to be regarded as one of substantive law.

The taking of the deposition was for the purpose of obtaining Allen's testimony in respect to the matters inquired about. It was effective for the purpose. By its means the testimony was developed. Allen was made to disclose the facts. He was compelled "to testify" regarding them. The method was one which the law furnished the adverse party and of which he availed himself, just as he might have called Allen to the stand. Allen's testimony was made subject to his use. It was not within Allen's power to prevent its use. He could not recall it. It stood adduced as a part of the record of the proceeding. With his testimony compelled under oath and obtained at the instance of the adverse party through the force of the law, with it available for the free use of the adverse party and at his disposal, with it of record and constituting an integral part of the trial, we think it is evident that within the full intendment of the statute Allen must be regarded as having been called by his adversary to testify concerning the transaction with the decedent, and as competent, therefore, to give evidence in his own behalf in relation to it. Regardless of any use of the deposition, Allen had thereby been required to give the testimony in a way sanctioned by the law as only another and equivalent method of placing him upon the stand. The purpose of his adversary in seeking the testimony had been accomplished. It had been attained as fully as though Allen had been called to the stand, since the testimony was as effectually developed and rendered as freely available. The trial court made the proper ruling. Gilkey v. Peeler, 22 Texas, 663.

The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*

MR. JUSTICE HAWKINS made the following announcement as to his views:

This case presents several important questions upon some of which I have not had reasonable opportunity for full investigation of the record or of the law of the case, and upon those questions I have reached no definite conclusion.

My request for a postponement, for one week, of the decision of this

court in this recently submitted cause having been denied, I decline to express therein, at this time, any opinion whatever.

Later I will file a statement of my views in the premises.