**WILLINGHAM et al. v. KINDY et al.**

No. 6274.

Court of Civil Appeals of Texas. Texarkana.

June 5, 1947.

992

Scott, Wilson & Cureton, of Waco, Carney, Carney & Mays, of Atlanta, and Strasberger, Price, Holland, Kelton & Miller, of Dallas, for appellants.

Jones, Jones & Brian, of Marshall, and S. I. Cornett, of Linden, for appellees.

HARVEY, Justice.

This is an appeal from an order of the district court of Cass County overruling pleas of privilege. Appellants were sued in two separate suits for damages arising out of a collision between two trucks, and filed their pleas of privilege to be sued in Bexar County. One suit was #14,147, Homer Kindy v. A. C. Willingham, W. E. Boring, and W. S. Steese, and the other was styled #14,148, Clint Spann and V. H. Duncan, doing business as Duncan Lumber Company, v. A. C. Willingham. For the purpose of determining venue only, the hearings on the pleas of privilege in the two cases were consolidated, tried to a jury, and the pleas overruled by the court. After an appeal was taken, the first of the two cases was tried on its merits and judgment entered in favor of the defendants. Thereafter such defendants filed their motion in the Court of Civil Appeals to sever their appeal from the order overruling their pleas of privilege in cause #14,147, from cause #14,148, Clint Spann, et al. v. A. C. Willingham, et al., and asked for a dismissal of their appeal in the first mentioned case, #14,147, which motion was granted by this court, leaving an appeal only as to the second suit.

The facts disclose that a truck and trailer operated by W. S. Steese and traveling north on the state highway between Linden and Douglassville, in Cass County, Texas, collided with a truck and trailer driven by Clint Spann traveling south from Douglassville toward the town of Linden. The scene of the accident was about two miles north of Linden and on a concrete bridge eighteen feet in width. Each of the two trucks involved in the collision was seven feet wide. Among the issues submitted by the court were issues Nos. 1–3 which inquired whether Steese negligently operated his truck on the left side of the highway and if such negligence was the proximate cause of the collision. These questions were answered in the affirmative by the jury, which answers, if sustainable, establish plaintiffs' theory of

an active trespass committed by the defendant, W. S. Steese. It was stipulated by the parties to the suit when it was tried that Steese was the agent of defendant A. C. Willingham. The principal point raised by appellants is that the jury answered to issue No. 1, with its corollary issues, is without sufficient support in the evidence.

Viewing the evidence favorable to appellees (plaintiffs below), we find testimony to the effect that at the time of the collision between the two trucks going in opposite directions all of appellees' truck was about two feet to its own right side of an imaginary center line on the highway; that the front end of appellants' truck struck that of appellees near the left rear wheel; and that the wheels on the trailer of appellees' truck tracked with the truckwheels. On the other hand, appellants point out that Spann, the driver of appellees' truck, testified that Steese, when he was approaching, was on his own right hand side of the road. Each driver testified that at the time of the collision he was as far to his right as he could get, and in fact was scraping the curb on the bridge. The evidence outlined raised an issue of fact to be determined by the jury. It was immaterial that Spann did not testify specifically that Steese operated his truck to the left hand side of the highway and into the truck driven by Spann. Circumstances were available from which the jury could make their deductions. The collision occurred; each driver claimed he was as far to his right as possible at the time of the collision. If each driver was correct in his contention there would have been four feet clearance between the trucks, and it would have been a physical impossibility for them to collide. Inasmuch as Spann's truck, and not the trailer, was struck by appellants' truck, answers the claim made by appellants that Spann pulled his truck to the right and thereby caused his trailer to swerve to the left of the center of the highway with the resultant collision of the trucks. The rule in Texas is, if discarding all adverse evidence, and indulging every legitimate conclusion favorable to the plaintiff which might be deduced from the facts testified to, and credence be given to evidence favorable to plaintiff, a jury might find in favor of the plaintiff, then a directed verdict should not be given. Jackson v. Langford, Tex.Civ.App., 60 S.W.2d 265, and cases cited. Applying this rule, we think the jury finding with respect to the issue in question has sufficient basis in the evidence.

Another point presented by appellants is that appellees are bound by testimony of appellant Steese given in his deposition and introduced by appellees. Rule 182, T.R.C.P. provides: "In the trial of any civil suit or proceeding in any * * * district court, any party plaintiff * * * shall have the right to call as a witness in his behalf any other individual who is a party to such suit or proceedings, either as plaintiff or defendant. * * * Any such witness may be examined by the party calling the witness, and if such witness give testimony adverse to the party calling him, the party so calling such adverse witness shall not be bound to accept the testimony of such adverse witness as true, but shall have the right to impeach such witness and the testimony of such witness, and shall have the right to introduce other evidence upon any issue involved in such suit or proceeding without regard to the testimony of such adverse witness; * * *."

Steese was an adverse party defendant; when his deposition was offered by appellants, it was unnecessary for them to state that it was being offered under the provisions of Rule 182, which would have been a useless formality. We think that when a deposition of a witness is offered in evidence, such witness is "called" within the meaning of the rule the same as if he had been placed on the witness stand. This has been held to be true in other situations involving the word "call" as used in the statute. Allen v. Pollard, 109 Tex. 536, 212 S.W. 468; Lehman v. Howard, Tex. Civ.App., 133 S.W.2d 800. Therefore, Steese having been called as an adverse party defendant, the plaintiffs who offered his deposition were not bound thereby but had the right to rebut or contradict so much of it as they chose to do and could. In addition, the deposition introduced in evidence was on the same basis as any other evidence. If it conflicted with other evidence offered by the plaintiffs, it did not take precedence over that evidence, but it

was the province of the jury to determine which part of the evidence so offered they should accept.

 Appellees concede that they did not introduce evidence sufficient to show that appellant W. A. Boring was liable legally for the tort of appellant Steese, in that they failed to prove that he was a principal of the said W.S. Steese. Accordingly, the judgment as to W. A. Boring is reversed and the cause of action as to him is ordered transferred to the district court of Bexar County, Texas, and the judgment of the trial court overruling the pleas of privilege of defendants A. C. Willingham and W. S. Steese is affirmed.