**Mrs. Grace DRESSEL et vir, Appellants,**

v.

**Mrs. Lois ANDERSON et vir, Appellees.**

**No. 7459.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 8, 1963.

Alfred H. Summers, Palestine, for appellants.

B. R. Reeves, Palestine, for appellees.

DAVIS, Justice.

This is an action for damages by plaintiffs-appellants, Mrs. Grace Dressell and husband, William V. Dressell, against defendants-appellees, Mrs. Lois Anderson and husband, K. A. Anderson, as the result of a collision that occurred in Anderson County on April 28, 1961, between the son of appellants and the appellee, Mrs. Lois Anderson.

The case started to trial before the court, without a jury, and the plaintiffs-appellants called the defendant-appellee, Mrs. Lois Anderson, as a witness. They did not call her as an adverse witness, but apparently relied upon the provisions of Rule 182, Vernon's Ann.Tex. Rules Civil Procedure. At the conclusion of her testimony, the appellees moved for a judgment. The appellants objected and notified the court that they had seven more witnesses they wished to use, but the court went ahead and entered a judgment. The appellants have perfected their appeal and bring forward seven points of error.

Without discussing the various points, it seems that justice demands that this case be reversed and remanded to the trial court. 4 T.J.2d 502, Sec. 901; Victory et al. v. Hamilton et al., 127 Tex. 203, 91 S.W.2d 697, op. approved by the Sup.Ct; 41-b T.J. 61, Sec. 37; 41-b T.J. 136, Sec. 105.

In Willingham v. Kindy (Tex.Civ.App.), 203 S.W.2d 991, N.W.H., where a deposition of an adverse party was offered in evidence, it was unnecessary for them to state that it was offered under the provisions of Rule 182, which would have been a useless formality. In Mundy et ux. v. Stiles (Tex.Civ.App.), 257 S.W.2d 750, W.R., N.R.E., the court held that positive testimony, standing alone, would not support a directed verdict, and reversed and remanded the cause.

There were affidavits filed in support of a motion for new trial that would create a fact issue.

The case must be reversed and remanded to the trial court in order to serve the ends of justice. 4 T.J.2d 502, Sec. 900; Southern Pine Lumber Company v. Hart, 161 Tex. 357, 340 S.W.2d 775; D. C. Hall Transport, Inc., v. Hard, Tex.Civ.App., 355 S.W. 2d 257, err. ref., n. r. e.

The judgment of the trial court is reversed and the case is remanded.