784

Mrs. Sloane CALLAWAY et al., Appellants,

v.

G. Preston TATE, Appellee.

No. 3784.

Court of Civil Appeals of Texas.

Eastland.

Sept. 6, 1963.

Rehearing Denied Oct. 4, 1963.

Gib Callaway, Brownwood, for appellants.

Ben D. Sudderth, Comanche, for appellee.

COLLINGS, Justice.

Appeal from the District Court of Comanche County.

This suit was brought by Mrs. Sloane Callaway joined by her husband and all other heirs of Mrs. Stella Callaway, deceased, and by Mark Callaway, administrator of the estate of Mrs. Stella Callaway, against G. Preston Tate to recover the alleged balance due on a certain promissory note executed and delivered by Tate to Mrs. Stella Callaway on October 23, 1950, in the sum of $15,000.00, together with interest and attorney's fees. The defendant Tate answered by general denial and further specially alleged that the note was non interest bearing; that the principal indebtedness had been paid in full; that the $15,000.00 received by the defendant was a gift from Mrs. Stella Callaway; that the indebtedness had been cancelled, and that the suit was barred by both the two and four year statutes of limitation. Trial was before the court without a jury and judgment was rendered that plaintiffs take nothing. Plaintiffs have appealed.

The record shows that when appellant Mark Callaway became administrator of the estate of Mrs. Stella Callaway, deceased, he found that appellee Tate had been making monthly payments to Mrs. Callaway for several years in the approximate sum of $150.00, but could find no note or other evidence of the indebtedness

among Mrs. Callaway's papers. Mr. Gib Callaway, attorney for appellants, testified in effect, that Tate admitted to him that he had made a note to Mrs. Callaway which provided for monthly payments of $100.00 plus accrued interest. Appellants called appellee Tate, as an adverse witness, and elicited testimony from him to the effect that Mrs. Stella Callaway had made and delivered to him on October 20, 1950, a check in the sum of $15,000.00. Appellants also tendered in evidence appellee Tate's first amended original answer in which appellee admitted the execution of a note to the deceased, on October 23, 1950, stating as follows: "Defendant would show— that such note, described in plaintiff's original petition was a non-interest bearing note, and that the entire principal sum of said note has been fully paid." Appellee's pleadings further sets out in itemized form and admits the amounts and dates of certain payments by appellee to Mrs. Stella Callaway or her estate at the Dublin National Bank in Dublin, Texas, covering a period of several years and in a total amount of more than $15,000.00. Appellants do not question the amounts of such payments. Thereafter, counsel for appellee Tate placed him on the witness stand and asked him to state the terms and conditions of the note which he had executed and delivered to Mrs. Stella Callaway, particularly whether said note contained any provision as to when payments were due, whether there was a provision for payment of interest, whether the money received by appellee was a gift from Mrs. Callaway, and whether decedent cancelled said indebtedness.

In appellants' first point it is contended, in effect, that the court erred in permitting appellee to testify concerning such transactions with the deceased, Mrs. Stella Callaway, in violation of Article 3716, Vernon's Ann.Tex.Civ.St., which provides as follows:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

■ Appellee Tate contends that appellants by calling him as a witness to identify the $15,000.00 check and eliciting his testimony admitting the receipt and endorsement thereof and his receipt of the money in the amount of the check thereby waived the prohibition set out in Article 3716, supra. Appellants contend that their action in calling Tate as a witness and eliciting such testimony from him did not waive the statute generally and thereby permit Tate to testify over their objection concerning the terms and provisions of the $15,000.00 note executed by Tate to Mrs. Stella Callaway, deceased. The effect of appellants' contention is that the testimony and admissions which they elicited from Tate is entirely separate and independent and not a part of the same transaction involved in the testimony of which they complain. We cannot agree with appellants' contention that reversible error is shown.

Appellants sued Tate upon an alleged promissory note in the sum of $15,000.00. They did not produce the note in evidence but established its existence by admissions in Tate's pleadings that he had on October 23, 1950, executed and delivered a $15,000.-00 note to Mrs. Stella Callaway. Appellants also called Tate as a witness and established by his testimony that on October 20, 1950, he received the $15,000.00 check from Mrs. Callaway. The $15,000.00 check and the note for the same amount are parts of the same transaction. According to Tate's testimony the note was given by him as consideration for and at approximately the same time as the check. Appellants contend that the note provided for 5 per cent

interest and attorney's fees. Although the note is not in evidence appellants contend that the existence of the provision in the note for interest is established by the amount of the monthly payments admittedly made by Tate. The court, over appellants' objection, permitted Tate to testify further concerning the transaction and to describe the note which was given in consideration for the check and to deny the existence of a provision for interest. The court properly permitted Tate to testify concerning the transaction with Mrs. Stella Callaway, deceased, in which the check and note were executed and delivered by the respective parties, because Tate had been "called to testify thereto by the opposite party." When appellants called Tate to testify about the $15,000.00 check made by Mrs. Callaway the very terms of the statute permitted Tate to tell about the entire transaction surrounding the making of the check, including the terms and provisions of the note executed by him in connection therewith.

■ The case was tried before the court without a jury and there are no findings of fact or conclusions of law. If there is evidence to support the judgment on any theory set out in the pleading it must be presumed that the court made findings in support of the judgment and the judgment must be sustained. The evidence as above substantially set out supports a finding that the note sued upon was in the sum of $15,000.00, as contended by all parties hereto, and was non-interest bearing, as alleged and testified to by Tate. The evidence shows and is undisputed that Tate paid Mrs. Callaway or her estate more than $15,000.00 and that the $15,000.00 indebtedness has therefore been paid in full. These findings required the judgment rendered by the trial court regardless of other contentions by appellants to the effect that there was error in permitting Tate to testify concerning the cancellation of the note by Mrs. Callaway, and an instruction by Mrs. Callaway to give any payments made on the note to Mrs. Nima Tate, the wife of ap-

pellee. We have carefully examined other contentions by appellants and find nothing which constitutes reversible error or could require a different judgment.

The judgment is affirmed.