Josephine SEAMAN, Appellant,

v.

Margaret SEAMAN, Appellee.

No. 4179.

Court of Civil Appeals of Texas.

Eastland.

June 2, 1967.

Rehearing Denied June 30, 1967.

Willis G. Perkin, Pharr, for appellant.

Hollis Rankin and Stonewall Van Wie, III, Rankin, Kern & Martinez, McAllen, for appellee.

GRISSOM, Chief Justice.

Margaret Seaman, the widow of Jonathan A. Seaman, in her own right and as her husband's sole heir, sued Josephine Seaman, individually and as independent executrix of the estate of her deceased husband, Irving Seaman, upon a promissory note described as follows:

"10,000.00    Chicago, Ill.    May 6, 1963 On demand after date, for value received, the undersigned promises to Pay to the order of Jonathan A. Seaman and Margaret Seaman as joint tenants with right of survivorship, the sum of Ten Thousand ($10,000.00)—Dollars, with interest at the rate of 6 per cent per annum after May 6, 1963 until paid

And to secure payment of the amount aforesaid and interest, the undersigned and each of them does hereby, jointly, severally and irrevocably, authorize any attorney of any Court of Record to appear for the undersigned, or any of them, in any such Court in term time or vacation, at any time after maturity and confess judgment without process against the undersigned, or any of them, in favor of the payee or the holder of this note, for such amount as may appear to be unpaid or owing hereon, together with costs and reasonable attorneys' fees, and to waive and release all errors which may intervene in any such proceedings, and to consent to immediate execution upon any such judgment and that any execution that may be issued on any such judgment may be immediately levied upon and satisfied out of any personal property of the undersigned, or any of them, and to waive all right of the undersigned, or any of them, to have personal property last taken and levied upon to satisfy any such execution; hereby ratifying and confirming all that said attorney may do by virtue hereof.  If this note is signed by more than one person, they shall be liable jointly and severally hereunder; but the words 'jointly' and 'severally' as used in this note shall be disregarded in case it is signed by a corporation or by only one person.
No.   Due On demand   Irving Seaman
                        Josephine Seaman"

Plaintiff sued for the principal amount of said note, plus interest and attorney's fees. In a trial to the court, the plaintiff obtained judgment for $10,000.00, the principal of the note, and $1,000.00 attorney's fees.  As to interest, the judgment provided only that it should bear interest at the rate of 6 per cent per annum.   Josephine Seaman has appealed.

■    The defendant, appellant, Mrs. Josephine Seaman, contends the court erred in admitting the testimony of the plaintiff, over her objection that it was not admissible under Article 3716, in which the plaintiff identified the note, testified as to its contents and to facts surrounding its execution.   The plaintiff says that she testified to no fact that comes within the prohibition of Article 3716, the "Dead Man's Statute".   We think the answer to these respective contentions is not controlling because such evidence was either immaterial or it was admissible, notwithstanding other provisions of said statute, because the plaintiff, Mrs. Margaret Seaman, was called to testify with reference to such matters by the defendant and the defendant thereby waived the right to complain of the admission thereof.   Furthermore, there was no plea of non est factum filed and the note was admissible without plaintiff's testimony.   Newsom v. Fikes, Tex.Civ.App.,

153 S.W.2d 962 (W.R.). Also the defendant testified that the note was handed to her by Jonathan Seaman, the plaintiff's deceased husband, and that Irving Seaman, Jonathan's brother, told her to sign it; that she and her husband signed it and delivered it to Jonathan and that it was so executed for $10,000.00 that Jonathan loaned them to go into the motel business.

■ Although there was testimony to the contrary, Margaret Seaman testified that the only change in said note after it was so signed and delivered in the early 1950's was that in May, 1963, when Jonathan was on his deathbed, he wrote in the date, May 6, 1963. There was evidence from which the trial court could have properly found that Jonathan's act in writing in said date was within the authority granted to him by its signers. Furthermore, Section 14 of Article 5932 provides that when an instrument is wanting in any material particular the person in possession has prima facie authority to complete it by filling in the blanks. Our Supreme Court in Republic National Bank of Dallas v. Strealy, 163 Tex. 36, 350 S.W.2d 914, 916, held, under a comparable fact situation, that said section governed the right to fill in blank spaces in a note. It said that said statutory provision was merely a reiteration of the common law rule that when a writing containing blanks had been delivered the possessor had implied authority to fill in the blanks and the instrument remained valid. It cited Curlee Clothing Company v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677. See also Stephens v. Underwood, Tex.Civ. App., 157 S.W.2d 936. We overrule the defendant's contention that the court committed reversible error in admitting the plaintiff's said testimony. Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801, 809; Wilbanks v. Wilbanks, 160 Tex. 317, 330 S.W.2d 607, 609; Allen v. Pollard, 109 Tex. 536, 212 S.W. 468, 469; "The Dead Man's Statute" by Judge Walker, 27 Tex.Bar Journal at page 374; Burris v. Levy, Tex.Civ.App., 302 S.W.2d 171, 174 (Ref.N.R.E.); Callaway v. Tage, Tex.Civ. App., 370 S.W.2d 784, (Ref.N.R.E.).

Plaintiff, Margaret Seaman, testified that she talked to Irving Seaman after the date, May 6, 1963, had been written into the blank spaces left for it, and after Jonathan had died and that Irving acknowledged owing the note and asked Margaret to not insist upon its payment at that time because he was then having financial difficulties. Josephine Seaman said she heard that conversation but that Irving's statement was that the note had been discharged and he was surprised that his brother had not destroyed it. There was no evidence of its payment.

■ The defendant further contends that, as a matter of law, the note was barred by limitation. The evidence does show that the note was executed and delivered by the Irving Seamans to Jonathan Seaman in the early 1950's but there is ample evidence from which the court had the right to find that said date was inserted under the agreement and authority of those who executed it and to conclude that it did not become due until after May 6, 1963. Therefore, it was not conclusively shown to have been barred. That question was apparently tried by consent and the court had a right to find, as it presumably did, that the indicated facts were true and that the note was not barred by limitation.

■ We overrule the defendant's point that the court erred in failing to hold, as a matter of law, that the act of Jonathan Seaman in filling in blanks in the note constituted a material alteration thereof and voided the same. On the contrary, we think there was ample evidence from which the court could find that the only addition to the note was the date, May 6, 1963; that Jonathan Seaman was authorized to fill in that blank and that such act was not a material alteration which voided it.

We have considered all of appellant's points. We conclude that reversible error is not shown. The judgment is affirmed.