**Nona LAUDERDALE, Guardian, Appellant,**

v.

**Terry L. CAREY et ux., Appellees.**

**No. 4983.**

Court of Civil Appeals of Texas, Eastland.

July 21, 1977.

Rehearing Denied Aug. 11, 1977.

John R. Cook, Thompson & Cook, Breckenridge, for appellant.

C. J. Eden, Breckenridge, for appellees.

McCLOUD, Chief Justice.

Nona Lauderdale, Guardian of the Person and Estate of Lettie Grace Ledbetter, a person of unsound mind, sued Terry Carey

and wife, Patricia Carey, to set aside a deed executed by Lettie Ledbetter alleging that Lettie Ledbetter lacked sufficient mental capacity to understand the nature and effect of her act. The deed was executed by the ward, Ledbetter, on August 11, 1975. Nona Lauderdale was appointed guardian of the person and estate of Lettie Ledbetter on October 23, 1975. The jury found that on August 11, 1975, when Lettie Ledbetter executed the deed, she had sufficient mental capacity to understand the nature and effect of her act. Judgment was entered denying the relief sought by the guardian, Nona Lauderdale, who has appealed. We reverse and remand.

The guardian argues the court erred in permitting Terry and Patricia Carey to testify, over her objection, to transactions with Lettie Ledbetter, because such testimony should have been excluded under Article 3716, Tex.Rev.Civ.Stat.

Article 3716, the Dead Man's Statute, provides:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

Both Terry and Patricia Carey were permitted to testify as to several statements and acts of the ward immediately prior to and subsequent to the execution of the deed. They each stated that in their opinion, Lettie Ledbetter, on August 11, 1975, when she executed the deed, knew and appreciated the consequences of her acts. Unless the bar of the statute was waived, such testimony should have been excluded. *Holland v. Nimitz*, 111 Tex. 419, 232 S.W. 298 (Tex.Com.App.1921, jdgmt. adopted); *Logsdon v. Segler*, 225 S.W.2d 435 (Tex.Civ. App.—San Antonio 1949, writ ref'd).

■ The Careys contend the statutory disqualification was waived because the guardian took the deposition of both Terry and Patricia Carey. The rule is well established that a party may waive the provisions of Article 3716 by taking the deposition of the adverse party and questioning the adverse party concerning transactions with or statements by the ward or decedent, and this is true even though the deposition is not put in evidence by the adverse party who caused it to be taken. *Allen v. Pollard*, 109 Tex. 536, 212 S.W. 468 (1919); *Hopkins v. Robertson*, 138 S.W.2d 310 (Tex. Civ.App.—Fort Worth 1939, writ ref'd). In the instant case, however, the record does not properly reflect that the guardian took the deposition of Terry and Patricia Carey. Also there is nothing in the record to show what questions were asked the Careys if the guardian did in fact take their depositions. Before waiving the provisions of Article 3716, the guardian not only had to take the Careys' deposition, but she had to question the witnesses concerning a transaction with, or statement by, the ward.

The Careys have failed to show that the statutory disqualification was waived by the guardian. They testified in detail as to acts and statements of the ward occurring in connection with the sale of the property in question. This testimony was inadmissible under the record before us. We hold that such error probably caused the rendition of an improper judgment. Rule 434, T.R.C.P.

Judgment of the trial court is reversed and the cause is remanded.