KANDY, INC., Appellant,

v.

Sarah PRESSLOR, Independent Executrix of the Estate of Richard Presslor, Appellee.

No. 5753.

Court of Civil Appeals of Texas, Waco.

Aug. 25, 1977.

Rehearing Denied Oct. 6, 1977.

John D. Raffaelli, Raffaelli & Hawkins, Texarkana, for appellant.

Robert Harms Bliss, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Kandy, Inc. from judgment for plaintiff Presslor for $16,943 plus $1500 attorneys' fees; and further decreeing defendant take nothing against plaintiff on its counterclaim.

Plaintiff Dick Presslor[1] sued defendant on a sworn account for forming equipment rented, ties sold, and items not returned, in a total amount of $16,943 plus reasonable attorneys' fees. Defendant answered by general denial and counterclaimed for amounts allegedly due defendant from plaintiff.

The trial court granted interlocutory summary judgment for plaintiff on the sworn account for $16,943 plus $1500 attorneys' fees; and tried defendant's counterclaim to a jury. The jury by its answer to Issue 1 returned a take-nothing verdict on such counterclaim.

The trial court rendered final judgment for plaintiff for $16,943 plus $1500 attorneys' fees, and further decreed defendant take nothing on its counterclaim.

Defendant appeals on 7 points contending among other matters:

1. Presslor died and his widow Sarah Presslor, Independent Executrix of his estate was substituted as plaintiff.

The finding of the jury to Issue 1 is so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

 The record reflects plaintiff agreed with defendant to furnish all forms required for the construction of the 10 Mile Creek Project for $15,000; that some of the forms furnished were rejected by the engineer on the job; that plaintiff did not have sufficient forms to replace those rejected; that plaintiff agreed with defendant that defendant rent forms from Symons and pay for same, and that the amounts so paid would be deducted from amounts due plaintiff; and that defendant paid Symons some $20,869 for additional forms.

The trial court submitted Issue 1 to the jury inquiring: "What do you find from a preponderance of the evidence was the reasonable cost of the rentals paid by Kandy, Inc. to Symons Mfg. Company for the additional forms required for the 10 Mile Creek Project?" The jury answered: "–0–".

We think such answer so contrary to the great weight and preponderance of the evidence as to be clearly wrong. In re *King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

Defendant's Contention is sustained.

The judgment based on such finding in answer to Issue 1 is in error.

Plaintiff by Crosspoint 1 asserts the trial court erred in admitting testimony of Frank King concerning his oral agreement with Presslor, contending such barred by the Dead Man's Statute (Art. 3716).

 Plaintiff took King's deposition but did not introduce it in evidence. When the testimony of a witness who would otherwise be incompetent to testify regarding the matters covered by Art. 3716 is taken by deposition and the "opposite party" initiated an inquiry relative to a transaction with the decedent, the statute is waived and the witness may testify fully regarding such transaction, whether or not the deposition be offered in evidence. *Allen v. Pollard*, 109 Tex. 536, 212 S.W. 468; *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801. Crosspoint 1 is overruled, as is Crosspoint 2

which is immaterial in view of our disposition.

 We reverse the judgment and remand the case in the interest of justice. Accordingly the case is remanded to the trial court in its entirety, so that the parties may, if they wish, amend, and try plaintiff's cause of action and defendant's counterclaim together. *Morrow v. Shotwell*, S.Ct., 477 S.W.2d 538; *Scott v. Liebman*, S.Ct., 404 S.W.2d 288; *Adams v. Herd*, Tex.Civ. App. (Waco) NWH, 526 S.W.2d 295.

REVERSED and REMANDED.