James KIRKHAM, Appellant,

v.

Hayel SAFADY et ux., Appellees.

No. 6067.

Court of Civil Appeals of Texas, Waco.

Aug. 9, 1979.

Rehearing Denied Sept. 13, 1979.

James R. Thompson, Thompson & Knapp, Copperas Cove, Don Busby, Temple, for appellant.

W. B. Phillips, Bragg, Barron, Phillips & Adams, Killeen, for appellees.

## OPINION

JAMES, Justice.

This is a malicious prosecution case. Plaintiff-Appellant James Kirkham brought this suit against Defendant-Appellees Hayel Safady and his wife Nadia Safady, alleging in effect that on May 13, 1976, Mrs. Nadia Safady commenced a criminal action against him (Kirkham) by filing a complaint for disorderly conduct against him in the Justice of the Peace Court of Precinct 4 of Bell County, Texas; that Mrs. Safady also told the Justice of the Peace that "someone else was coming in from some other town on a plane to file another complaint" against Plaintiff-Appellant; that a warrant was issued for the arrest of Kirkham, and pursuant thereto he was arrested and held in custody and confinement from about 6 PM on the evening of Saturday May 15, 1976, until the following Monday, May 17, 1976, at 11:30 AM, some 41 hours in all. Kirkham further alleged that about 38 hours of this confinement was in the Killeen City Jail; that he was thereby deprived of his constitutional rights; that the complaint was dismissed when Plaintiff-Appellant hired counsel and demanded a speedy trial; that the purported second complaint was never filed; that for the deprivation of his liberty, and for the scorn, humiliation, and ridicule that he was subjected to, he was entitled to $50,000.00 actual damages and in addition thereto, exemplary damages.

Plaintiff-Appellant Kirkham filed his Third Amended Original Petition on April 10, 1978. On April 17, 1978, the day set for trial, the Defendants filed their Third Amended Original Answer which consisted of ten special exceptions to Plaintiff's pleadings and a general denial. Hearing was had on these special exceptions, after which the trial court overruled all of same.

Trial was had to a jury which found (or failed to find as the case may be) in answer

to the following numbered special issues as follows:

(1) The Defendant Nadia Safady did not have probable cause for instituting the criminal proceedings against Plaintiff Kirkham.

(2) Plaintiff Kirkham was innocent or not guilty of the criminal charges lodged against him by Defendant Nadia Safady.

(3) Defendant Nadia Safady made a statement to Judge Turland (the Justice of the Peace) that additional charges would be filed for the purpose of causing Plaintiff Kirkham to be imprisoned.

(4) That such statement made by Nadia Safady (as referred to in special issue No. 3 above) was false.

(5) That Defendant Nadia Safady did not have probable cause for stating to the Justice of the Peace that additional charges would be filed against Plaintiff Kirkham.

(6) Defendant Nadia Safady acted with malice in instituting the criminal charges against Plaintiff Kirkham.

(7) Defendant Nadia Safady acted with malice in making the statement that additional charges would be filed against Plaintiff Kirkham.

(7A) The conduct of the Defendants or either of them was the proximate cause of injury or damage to Plaintiff Kirkham.

(8) $35,000.00 would fairly and reasonably compensate Plaintiff Kirkham for the damages he suffered as a result of the criminal proceedings and statements made against him by Defendant Nadia Safady.

(9) Defendant Hayel Safady acquiesced in or approved the actions of his wife Nadia Safady in this matter.

(10) The jury found that Nadia Safady acted recklessly, or wilfully and maliciously, in causing the detention of Plaintiff Kirkham, with the design to oppress and injure Plaintiff. However, the jury failed to find that Defendant Hayel Safady so acted.

(11) The jury failed to find that Plaintiff was entitled to any exemplary damages.

(12) The jury failed to find that Plaintiff Kirkham committed the offense of disorderly conduct in the presence of the Defendant Nadia Safady on the occasion in question.

(13) The jury failed to find that Defendant Nadia Safady had probable cause to believe that Plaintiff Kirkham had committed the offense of disorderly conduct in her presence when she signed the complaint in the office of the Justice of the Peace.

(14) The jury failed to find that Plaintiff Kirkham committed an assault upon Defendant Nadia Safady.

(15) This was a damage issue, submitted conditionally upon a "yes" answer to Special Issue No. 14, which was unanswered by the jury, and no answer thereto was necessary.

(16) The jury failed to find that Plaintiff Kirkham committed an assault upon third-party Plaintiff Camilla Safady, the daughter of Defendant-Appellees.

After verdict, Defendants filed a motion for judgment non obstante veredicto asserting, among other things, that Plaintiff's pleadings failed to state a cause of action for malicious prosecution.

The trial court granted Defendants' motion for judgment non obstante veredicto, and thereupon entered judgment that Plaintiff Kirkham take nothing, from which he appeals. Said judgment contains recitations setting out the reasons for entry of the take-nothing judgment as follows: ----- there are no pleadings herein to support any cause of action for malicious prosecution in that there is no allegation in any of the pleadings herein that defendant or either of same instituted or caused to be instituted a criminal prosecution against plaintiff without probable cause, there is no pleading that the prosecution instituted by defendant Nadia Safady terminated favorably to plaintiff by reason of the facts, and there is no pleading alleging that plaintiff was innocent of the charges filed against him, and the Court having further found that all issues submitted as to the above stated elements of a cause of action for malicious prosecution were duly objected to by the defendant upon the ground that each of same was not raised by any pleadings

herein, and that by reason thereof said issues should be disregarded as not being supported by any pleadings herein _____."

Plaintiff-Appellant asserts two points of error complaining of the trial court's granting of Defendants' motion for judgment non obstante veredicto, the second point being that said motion was granted on the grounds of faulty pleading on the part of Plaintiff. We sustain this point of error and thereby reverse the cause and remand same in the interest of justice to the trial court for retrial on the merits.

■■■ A trial court is authorized to enter judgment non obstante veredicto only if a directed verdict would have been proper. Rule 301, Texas Rules of Civil Procedure; *Sanders v. Harder* (Tex.1950) 148 Tex. 593, 227 S.W.2d 206, 210; *Masco International, Inc. v. Stokley* (Eastland Tex.Civ.App.1978) 567 S.W.2d 598, 600, NRE; *Eastep v. Jack-in-the-Box, Inc.* (Houston 14th Tex.Civ.App. 1977) 546 S.W.2d 116, 117, NRE; *Jack Criswell Lincoln Mercury, Inc. v. Tsichlis* (Beaumont Tex.Civ.App.1977) 549 S.W.2d 255, 257, no writ. To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict, it must be determined that there is no evidence upon which the jury could have made the findings relied upon. *Douglass v. Panama, Inc.* (Tex.1974) 504 S.W.2d 776, 777; *Leyva v. Pacheco* (Tex.1962) 163 Tex. 638, 358 S.W.2d 547, 550; *Burt v. Lochausen* (Tex. 1952) 151 Tex. 289, 249 S.W.2d 194, 199.

■■ In the case at bar, the recitations as hereinabove quoted in the judgment non obstante veredicto show that such judgment is based upon insufficient pleadings of Plaintiff. This is not a proper basis for the entry of a judgment N.O.V., according to the above-cited authorities.

Our Supreme Court has held that where there is no irreconcilable conflict in the jury findings, it is the ministerial duty of the trial judge to enter a judgment on the verdict, and the matter involves no judicial or discretionary powers. *Traywick v. Goodrich* (Tex.1963) 364 S.W.2d 190, 191.

Sustaining of the above-stated point of error asserted by Plaintiff-Appellant requires a reversal of the judgment. Having found error in the judgment, we remand to the trial court for retrial on the merits in the interest of justice under the rule laid down in *Morrow v. Shotwell* (Tex.1972) 477 S.W.2d 538; *Scott v. Liebman* (Tex.1966) 404 S.W.2d 288; *Kandy, Inc. v. Presslor* (Waco Tex.Civ.App.1977) 556 S.W.2d 99, NRE; *Sekula v. Chaparral Energy Corp.* (Waco Tex.Civ.App.1978) 570 S.W.2d 244, NRE.

REVERSED AND REMANDED.

HALL, Justice, concurring.

I agree with the majority's holding that a motion for judgment notwithstanding the verdict may not be properly granted upon defects and omissions of pleadings. However, as asserted by defendants as ground for affirmance of the judgment, a jury finding on an issue not pleaded and not tried by consent may be disregarded as immaterial by the court on its own motion. *Camco, Incorporated v. Evans*, 377 S.W.2d 703, 707 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.), and authorities cited therein; *Johnson v. Breckenridge-Stephens Title Co.*, 257 S.W. 223, 228 (Tex.Com.App. 1924, judgment adopted). If any finding essential to plaintiff's cause of action was properly disregarded by the trial court under that rule, then it is our duty to affirm the judgment because "an appellate court will sustain the judgment of a trial court if it is correct on any theory of law applicable to the case, and that regardless of whether the trial court gives the correct legal reason for the judgment he enters, or whether he gives any reason at all." *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939).

The elements of a suit for malicious prosecution based upon the prosecution of a criminal action against plaintiff by defendant are: (1) the commencement of the criminal prosecution against plaintiff, (2) caused by defendant or through his aid or cooperation, (3) which terminated in plaintiff's favor; (4) that plaintiff was innocent of the

charge brought against him; (5) that the criminal charge was filed by defendant without probable cause, and (6) with malice; and (7) that plaintiff was thereby damaged. *Flowers v. Central Power & Light Co.*, 314 S.W.2d 373, (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.); *Williams v. Frank Parra Chevrolet, Inc.*, 552 S.W.2d 635, 637 (Tex. Civ.App.—Waco 1977, no writ). As shown in the majority opinion, the jury found in plaintiff's favor on all of those elements.

I shall not detail plaintiff's pleadings. It is sufficient to say that he expressly alleged every element set forth above except want of probable cause for the filing of the complaint by defendants. However, he did allege that the complaint against him "was dismissed when he hired counsel who demanded a speedy trial." Defendants filed many exceptions to plaintiff's pleadings, but they did not except on the ground that plaintiff failed to plead the element of want of probable cause. In the absence of the special exception the petition must be liberally construed in plaintiff's favor on the question. *Scott v. Gardner*, 137 Tex. 628, 156 S.W.2d 513, 515 (1941). In the light of that rule, I would hold that plaintiff's allegation that the complaint was dismissed when he employed legal counsel and demanded a speedy trial may be reasonably construed as alleging that there was not probable cause for the filing of the complaint.

Defendants also alleged in their motion for judgment *non obstante veredicto* that the jury's answers to special issues one through ten were not supported by any evidence. If that ground is valid, then the motion was properly granted and the judgment must be sustained under the rule in *Gulf Land Co. v. Atlantic Refining Co.*, supra. However, without setting forth the proof, it is my view that there is evidence to support all of those findings. Defendants do not argue otherwise.

Accordingly, I agree with the majority that the judgment must be reversed.

Defendants have a cross point in which they contend that the evidence is factually insufficient to support the jury's award of $35,000.00 damages to plaintiff. It is my view that under the whole record the cross point presents a valid complaint. I would sustain it and remand the case for retrial upon that basis. *Jackson v. Ewton*, (Tex. 1967) 411 S.W.2d 715, 717.